FILED

COPY

1   Jonathan D. Selbin (State Bar No. 170222)
    jselbin@lchb.com
2   LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
3   275 Battery Street, 29th Floor
    San Francisco, CA 94111
4   Telephone: 415-956-1000
    Facsimile: 415-956-1008
5
    [Additional attorneys listed on signature page]
6
    *Attorneys for Plaintiffs*
7

2012 FEB -9 PM 2:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8                   UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

10

11   PHYLLIS GRODZITSKY and          Case No. CV 12  1142 - RSW
     JEREMY BORDELON, on behalf of                          (PLA)
12   themselves and all others similarly
     situated,                       **PLAINTIFFS' CLASS ACTION
13                                    COMPLAINT FOR:**
                   Plaintiffs,
14                                    **(1)  Violations of California's
     v.                                     Consumer Legal Remedies Act**
15
     AMERICAN HONDA MOTOR            **(2)  Violations of California's Unfair
16   CO., INC.,                            Competition Law**

17                  Defendant.       **(3)  Breach of Implied Warranty
                                           Pursuant to Song-Beverly
18                                         Consumer Warranty Act**

19                                   **(4)  Deceit and Common Law Fraud
                                           pursuant to Cal. Civil Code §
20                                         1710**

21                                   **(5)  Breach of Implied Warranty of
                                           Merchantability Pursuant to
22                                         Tenn. Code Ann. § 47-2-314**

23                                   **JURY TRIAL DEMANDED**

24

25

26

27

28

946670.8

## **INTRODUCTION**

1.      Plaintiffs Phyllis Grodzitsky and Jeremy Bordelon bring this action for themselves and on behalf of all persons in the United States who purchased or leased certain vehicles manufactured, distributed, and/or sold by American Honda Motor Co., Inc., and/or its related subsidiaries or affiliates ("Honda") with defective window regulators, as described below.

2.      The vehicles at issue in this action include Honda Odyssey, Honda Pilot, Honda Element, Honda Accord, Honda CR-V, Honda Civic, and Acura MDX vehicles from model years 1994-2007 (the "Class Vehicles").

3.      The Class Vehicles contain an occupant protection system that protects occupants from outside objects intruding into the passenger compartment, including weather elements that could jeopardize the operator's ability to drive the vehicle safely.  The occupant protection system in the Class Vehicles also protects occupants from full- and partial-ejection during normal vehicle operation and during crashes.  The occupant protection system includes the side windows.

4.      In the Class Vehicles, side windows are moved up and down by a device mounted inside the doorframe known as a "Window Regulator."  The Window Regulator includes a central track, a metal and polymer shuttle, a cable, and an attached motor.  The glass pane of the Class Vehicles' side windows is moved up and down by the shuttle on a central track, which shuttle is connected to the ends of a single strand of cable. The cable is threaded through pulleys at the top and bottom of the Regulator. The cable is pulled up or down by an electric motor, which causes the shuttle to move the window pane up or down.  The cable ends are fitted with a metal piece that keeps the cables from being pulled out of place when tension is applied to the cables by the window motor. The metal cable ends are held in place in the shuttle by a polymer bracket. The combination of the cable ends and the polymer brackets is insufficiently strong for the application in the Class Vehicles.  As a result of this defect, during normal and expected conditions, the

cable ends are pulled out of place and the windows become inoperative, often falling into a partially- or fully-open position (the "Window Regulator Defect"). When the Regulator fails due to the Defect, the entire Regulator must be replaced.

5. Because of defects in their design, manufacture, and/or assembly, the Window Regulators installed in the Class Vehicles are, by their nature, susceptible to frequent mechanical failure rendering the Class Vehicle's side windows inoperable, and often irretrievably stuck in the fully open position, endangering the vehicle occupants and compromising the occupant protection system.

6. All persons in the United States who have purchased or leased a Class Vehicle with the Window Regulator Defect are herein referred to as Class Members ("Class Members").

7. The Window Regulator Defect inhibits Class Members' proper and safe use of their vehicles' windows, reduces vehicle occupant protection, endangers Class Members and other vehicle occupants, and requires Class Members to pay for repeated replacements of the defective Window Regulators.

8. Further, upon information and belief, Honda knew of the Window Regulator Defect, yet failed to disclose and concealed the Defect from Class Members and the public and Honda continued to market and misrepresent the Class Vehicles as "reliable" and "durable" vehicles, which they are not.

9. Honda also knew or should have known that the fix it has made available to consumers for the Window Regulator Defect under warranty – replacing the failed part with a new part of the same defective design – results in multiple, repeated Window Regulator failures on the same vehicle.  Yet Honda failed to reimburse Class Members for the costs of replacing the failed Window Regulators, and failed to provide a permanent remedy to the Window Regulator Defect.

10. As a result of Honda's alleged misconduct, Plaintiffs and Class Members were harmed and suffered actual damages, in that the Class Vehicles have

manifested, and continue to manifest, the Window Regulator Defect. Honda has not provided a permanent remedy for this Defect.  Furthermore, Class Members have incurred, and will continue to incur, out-of-pocket unreimbursed costs and expenses relating to the Window Regulator Defect.

## PARTIES

### Plaintiffs

11.     Plaintiff Phyllis Grodzitsky resides in the state of California.  Ms. Grodzitsky owns a 2002 Honda Odyssey LX, which she purchased in May 2005 as a Honda-certified pre-owned vehicle from San Diego Honda dealership Pacific Honda.  Ms. Grodzitsky's Honda was manufactured, sold, distributed, advertised, marketed, and warranted by Honda, and bears the Vehicle Identification No. 2HKRL18552H568271.  Ms. Grodzitsky purchased her Honda primarily for her personal, family, and household use.

12.     Ms. Grodzitsky's Honda experienced window failure due to the Window Regulator Defect.  On September 10, 2011, the front right passenger window on her Honda collapsed into the door and could not be retrieved.  Ms. Grodzitsky took her Honda to be repaired immediately. Ms. Grodzitsky paid $409.00 out of pocket to repair her Honda's window.

13.     After the incident, Ms. Grodzitsky notified her local Honda service manager about her Honda's window failure.  The Honda service manager told Ms. Grodzitsky that such window failures in Honda vehicles were well-known, and that "all [Honda Odysseys] have that problem."

14.     On September 12, 2011, Ms. Grodzitsky called Honda and lodged an official complaint (No. N01201109602402) regarding her Honda's window failure and her frustration about never having been notified by Honda about the Window Regulator Defect and the likelihood that the Defect would cause her Honda's windows to fail.  During that telephone call, Honda refused to acknowledge the

existence or frequency of window failures in its vehicles, and failed to offer Ms. Grodzitsky a reimbursement for the repair cost she had incurred, or any permanent remedy for the Window Regulator Defect.

15.     Plaintiff Jeremy Bordelon resides in the state of Tennessee.  Mr. Bordelon owns a 2006 Honda Element EX-P, which he purchased in December 2009 as a Honda-certified pre-owned vehicle from Chattanooga, Tennessee, dealership Economy Honda.  Mr. Bordelon's Honda was manufactured, sold, distributed, advertised, marketed, and warranted by Honda, and bears the Vehicle Identification No. 5J6YH18776L011954.  Mr. Bordelon purchased his Honda primarily for his personal, family, and household use.

16.     Mr. Bordelon's Honda experienced multiple window failures due to the Window Regulator Defect.  In or around July 2011, the front left (driver's side) window on Mr. Bordelon's Honda failed while Mr. Bordelon's wife was driving the vehicle.  Just a month later, in or around August 2011, the front right (passenger side) window failed while Mr. Bordelon was driving his Honda.  To date, Mr. Bordelon has paid over $600.00 out of pocket to repair his Honda's windows.

## **Defendants**

17.     American Honda Motor Company, Inc. ("Honda") is a California corporation with its headquarters in Torrance, Los Angeles County, California. Honda is registered with the California Department of Corporations to conduct business in California.

18.     At all times relevant herein, Honda was engaged in the business of designing, manufacturing, constructing, assembling, marketing, warranting, distributing, selling, leasing, and servicing automobiles, including the Class Vehicles, and other motor vehicles and motor vehicle components throughout the United States.

19.     At all times relevant herein, Honda's misconduct occurred in, and emanated from, its principal place of business in Torrance, Los Angeles County, California.

## JURISDICTION

20.     Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

21.     This is a class action.  Members of the proposed Plaintiff Class are citizens of states different from Honda's home state.

22.     Upon information and belief, aggregate claims of individual Class Members exceed $5,000,000, exclusive of interest and costs.

## VENUE

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

24.     Honda is deemed to reside in this district pursuant to 28 U.S.C. § 1391(c), so personal jurisdiction is appropriate.

25.     In addition, a substantial part of the events or omissions giving rise to these claims occurred in this district.

26.     Plaintiffs' venue Declarations pursuant to Cal. Civ. Code § 1780(d) are attached hereto as Exhibits 1 and 2.

## APPLICABLE LAW

27.     California law applies to all claims in this action.

28.     Plaintiffs, who assert their claims against Honda, a California corporation, seek damages and equitable relief on behalf of themselves and all other persons and entities similarly situated, under the laws of the State of California.

29.     All of Honda's relevant business, including the formulation and execution of the unlawful practices alleged herein, occurred in or emanated from California, where Honda has its principal place of business.  Thus, California has

significant contacts and/or a significant aggregation of contacts to the claims asserted by Plaintiffs and Class Members.

30.    California has a materially greater interest than any other State in enforcing the rights and remedies granted to consumers under the California laws invoked in this Complaint.  These rights and remedies further strong fundamental public policies of the State of California.

31.    In the alternative, the laws of the states where Class Members purchased or leased their Class Vehicles apply to those Class Members' claims in this action.

## **FACTUAL ALLEGATIONS**

32.    Plaintiffs bring this action for themselves and on behalf of all Class Members.  Plaintiffs are informed and believe that, because of the Window Regulator Defect, the window regulators in the Class Vehicles have an inordinate and dangerous propensity to fail under normal use conditions that would not cause non-defective window regulators to fail, compromising vehicle occupant protection, endangering Class Members, and requiring them to pay for repeated replacements of the defective window regulators.

33.    The Class Vehicles at issue in this action include Honda Odyssey, Honda Pilot, Honda Element, Honda Accord, Honda CR-V, Honda Civic, and Acura MDX vehicles from model years 1994-2007.  Plaintiffs reserve the right to amend the definition of "Class Vehicles," should further discovery reveal that additional models and model-years are affected by the Window Regulator Defect.

34.    The Class Vehicles contain an occupant protection system that protects vehicle occupants from outside objects intruding into the passenger compartment, including weather elements that could jeopardize the operator's ability to drive the vehicle safely.  The occupant protection system in the Class Vehicles also protects occupants from full- and partial-ejection during normal vehicle operation and

during crashes.  The occupant protection system of the Class Vehicles includes the side windows.

35.     Once the Window Regulator Defect has caused a Class Vehicle's window to fail, and fall into a partially- or fully-open position, the Class Vehicle's occupant protection system is compromised and no longer adequately protects occupants, including from full- and partial-ejection during normal vehicle operation and during crashes.  Thus the Window Regulator Defect poses a safety hazard for occupants of the Class Vehicles.

36.     Window failure caused by the Window Regulator Defect is not a one-time event in the Class Vehicles.  When a window regulator fails, the only fix Honda offers is to replace it with a new window regulator with the same Defect. Because of its defective design, the new window regulator inevitably fails just like the part it replaced, causing many Class Members to repeatedly spend time and money to repair their Class Vehicles as their defective window regulators fail, one after another.

### Honda's Marketing and Concealment

37.     Upon information and belief, Honda knowingly manufactured and sold the Class Vehicles with the Window Regulator Defect, while willfully concealing the true inferior quality and poor reliability of the Class Vehicles and failing to disclose material facts about the Class Vehicles' safety.

38.     Honda markets the Class Vehicles with nationwide, multimedia advertising campaigns that reach potential consumers via television, the Internet, billboards, print publications, mailings, and other mass media.

39.     Honda's marketing material describes the various Class Vehicles as "reliable," "rugged," "durable," "tough," and "able to handle almost any condition." Honda also touts the "extended maintenance intervals" of the Class Vehicles, implying that they will require less-frequent maintenance than other vehicles.

40.     Honda introduced its Element model in 2002, and since then has advertised it nationally, in many media, as a durable vehicle suitable for active lifestyles.  Honda marketing targets the Element towards "Generation Y," individuals born between 1977 and 1994, who have active lifestyles and want a vehicle that is affordable yet rugged.  On its website, Honda described the Element as "[possibly] the most functional vehicle on the road today.  We designed it to get you and yours … anywhere you want to go."  The Element "takes functionality to the extreme so you can do whatever on your own terms."  But the Window Regulator Defect prevalent in the Class Vehicles, including the Element, indicates otherwise – the so-called "go anywhere," "do anything" vehicle supposedly suited to "active," "extreme" lifestyles is instead not even suitable for everyday use.

41.     Similarly, Honda's national, multimedia marketing for its Odyssey, CR-V, Accord, Civic, and Pilot models, as well as its Acura vehicles, repeatedly emphasizes the supposed reliability, durability, and toughness of the Class Vehicles and the "extended maintenance intervals" that suggest the Class Vehicles will require fewer repairs than other vehicles.  Honda's marketing makes no mention of the weak, defectively designed window regulators installed in the Class Vehicles that will fail repeatedly and require numerous, costly repairs to these supposedly "reliable," "rugged" vehicles with "extended maintenance intervals."

42.     In practice, the Class Vehicles are neither as durable nor as functional as Honda's marketing suggests.  Honda concealed the fact that the so-called "reliable" Class Vehicles, supposedly "able to handle almost any condition," are instead not even suitable for ordinary conditions because the Window Regulators fail repeatedly even under minimal use.

43.     Plaintiffs and Class Members were exposed to Honda's long-term, national, multimedia marketing campaign touting the supposed reliability and durability of the Class Vehicles, and Class Members made their decisions to

1   purchase their Class Vehicles based Honda's misleading marketing that concealed

2   the true, defective nature of the Class Vehicles.

3       44.     Further, Honda knowingly misled Class Members about the true,

4   defective nature of the Class Vehicles.  Honda has been aware of the Window

5   Regulator Defect since at least 2006, if not earlier.  Many Class Members

6   complained publicly online about the Window Regulator Defect, or communicated

7   their dissatisfaction directly to Honda, Honda dealerships, or Honda service centers.

8   In fact, some Class Members were told by Honda service center employees that

9   Window Regulator failure was a well-known and pervasive problem affecting the

10   Class Vehicles: "all of them have this [Window Regulator Defect] problem."  Yet

11   despite the mounting evidence to the contrary, Honda continued – and continues –

12   to market the Class Vehicles as "reliable," "durable," "tough," and "rugged," even

13   as the weak, defectively designed Window Regulators installed in the Class

14   Vehicles fail again and again, proving the Class Vehicles anything but "durable,"

15   "reliable," and low-maintenance.

16       45.     Further, despite its knowledge of the existence and pervasiveness of

17   the Window Regulator Defect, Honda has not issued a Technical Service Bulletin

18   about the issue, nor in any other way notified Class Members about the Window

19   Regulator Defect affecting their vehicles.  Honda has not reimbursed Class

20   Members for the money they paid, sometimes multiple times, to repair their Class

21   Vehicles' windows.  Further, Honda has never provided a permanent remedy to

22   eliminate the Window Regulator Defect entirely, thus forcing Class Members to

23   repeatedly repair their Class Vehicles as the defective window regulators – and the

24   equally defective replacement parts – fail again and again.

25                         **Fraudulent Concealment Allegations**

26       46.     Absent discovery, Plaintiffs are unaware of, and unable through

27   reasonable investigation to obtain, the true names and identities of those individuals

28   at Honda responsible for disseminating false and misleading marketing materials

1    regarding the Class Vehicles.  Honda necessarily is in possession of all of this

2    information.

3            47.    Plaintiffs' claims arise out of Honda's affirmative

4    misrepresentations and fraudulent concealment of the Window Regulator Defect

5    and the safety hazard it presents. To the extent that Plaintiffs' claims arise from

6    Honda's fraudulent concealment, there is no one document or communication, and

7    no one interaction, upon which Plaintiffs base their claims.  Plaintiffs allege that at

8    all relevant times, including specifically at the time they purchased their vehicle,

9    Honda knew, or was reckless in not knowing, of the Window Regulator Defect;

10   Honda was under a duty to disclose the Defect based upon its exclusive knowledge

11   of it, its affirmative representations about it, and its concealment of it; and Honda

12   never disclosed the Defect to the Plaintiffs or the public at any time or place or in

13   any manner.

14           48.    Plaintiffs make the following specific fraud allegations with as

15   much specificity as possible absent access to the information necessarily available

16   only to Honda:

17                  a.    **Who**:  Honda misrepresented that the Class Vehicles as

18   specified above in paragraphs 37-45 and concealed the Defect from Plaintiffs and

19   the Class.  Plaintiffs are unaware of, and therefore unable to identify, the true names

20   and identities of those individuals at Honda responsible for such decisions.

21                  b.    **What**:  Honda knew, or was reckless or negligent in not

22   knowing, that the Class Vehicles contain the Window Regulator Defect.  Honda

23   affirmatively misrepresented the durability, reliability, safety, ruggedness, and other

24   attributes of the Class Vehicles, as specified above at paragraphs 37-45,  and

25   concealed the Defect.

26                  c.    **When**:  Honda affirmatively misrepresented and

27   concealed material information regarding the Defect at all times, starting no later

28   than 1994, or at the subsequent introduction of certain models of Class Vehicles to

the market, continuing through the time of sale, and on an ongoing basis, and continuing to this day.  Honda has not disclosed the truth about the Defect in the Class Vehicles to anyone outside of Honda.  Honda has never taken any action to inform consumers about the true nature of the Defect in Class Vehicles.

d. ***Where***:  Honda affirmatively misrepresented and concealed material information regarding the true nature of the Defect in every communication it had with Plaintiffs and the Class.  Plaintiffs are aware of no document, communication, or other place or thing, in which Honda disclosed the truth about the Defect to anyone outside of Honda.  Such information is not adequately disclosed in any sales documents, displays, advertisements, warranties, owner's manual, or on Honda's website.

e. ***How***:  Honda affirmatively misrepresented and concealed this material information by promising in its marketing materials that Class Vehicles have qualities that they do not have, and actively concealed the truth about the existence and nature of the Defect from Plaintiffs and Class Members at any time or place or in any manner, even though it knew this information and knew that it would be important to a reasonable consumer.

f. ***Why***:  Honda affirmatively misrepresented and concealed this material information about the Defect in Class Vehicles for the purpose of inducing Plaintiffs and Class Members to purchase Class Vehicles, rather than purchasing competitors' vehicles.  Had Honda disclosed the truth, Plaintiffs (and reasonable consumers) would not have bought the Class Vehicles.

## TOLLING OF THE STATUTE OF LIMITATIONS

### Fraudulent Concealment Tolling

49.     Upon information and belief, Honda has known of the Window Regulator Defect in the Class Vehicles since at least 2006, if not earlier, and has

1   concealed from or failed to notify Plaintiffs, Class Members, and the public of the

2   full and complete nature of the Window Regulator Defect.

3       50.     Any applicable statute of limitation has therefore been tolled by

4   Honda's knowledge, active concealment, and denial of the facts alleged herein,

5   which behavior is ongoing.

6                              **Estoppel**

7       51.     Honda was and is under a continuous duty to disclose to Plaintiffs and

8   Class Members the true character, quality, and nature of the Class Vehicles.  Honda

9   knowingly and affirmatively misrepresented and actively concealed the true

10  character, quality, and nature of the Class Vehicles.  Plaintiffs and Class Members

11  reasonably relied upon Honda's knowing and affirmative misrepresentations and/or

12  active concealment of these facts.  Based on the foregoing, Honda is estopped from

13  relying on any statutes of limitation in defense of this action.

14                          **Discovery Rule**

15      52.     The causes of action alleged herein did not accrue until Plaintiffs and

16  Class Members discovered that their Class Vehicles had the Window Regulator

17  Defect.

18      53.     However, Plaintiffs and Class Members had no realistic ability to

19  discern that the Class Vehicles were defective until -- at the earliest -- after the

20  Window Regulator Defect caused their vehicle's windows to fail.  Even then,

21  Plaintiffs and Class Members had no reason to know the Window Regulator failure

22  was caused by a defect in the Class Vehicles because of Honda's active

23  concealment of the Window Regulator Defect.  Not only did Honda fail to notify

24  Plaintiffs or Class Members about the Window Regulator Defect, Honda in fact

25  denied any knowledge of or responsibility for the Window Regulator Defect.  Thus

26  Plaintiffs and Class Members were not reasonably able to discover the Window

27  Regulator Defect until after they had purchased or leased the Class Vehicles,

28  despite their exercise of due diligence, and their causes of action did not accrue

until they discovered that the Window Regulator Defect caused their vehicle's window failure.

## CLASS ACTION ALLEGATIONS

54.     Plaintiffs bring this lawsuit as a class action on behalf of themselves and all other Class Members similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

55.     The Class is defined as:

> All persons in the United States who purchased or leased a Class Vehicle with the Window Regulator Defect (the "Class");

56.     In the alternative, the following Subclasses are defined as:

> All California residents who purchased or leased a Class Vehicle with the Window Regulator Defect in California (the "California Subclass")

> All Tennessee residents who purchased or leased a Class Vehicle with the Window Regulator Defect in Tennessee (the "Tennessee Subclass")

57.     Excluded from the Class are: (1) Honda, any entity or division in which Honda has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiffs reserve the right to amend the Class and Subclass definitions if discovery and further investigation reveal that the Class should be expanded, otherwise divided into subclasses, or modified in any other way.

### Numerosity & Ascertainability

58.     Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. Class Members are readily identifiable from information and records in Honda's possession, custody, or control, as well as from records kept by the Department of Motor Vehicles.

### Typicality

59.     The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class Members, purchased or leased a Class Vehicle designed, manufactured, and distributed by Honda.  The representative Plaintiffs, like all Class Members, have been damaged by Honda's misconduct in that they have incurred or will incur the cost of repairs relating to the Window Regulator Defect.  Furthermore, the factual bases of Honda's misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all Class Members.

### Adequate Representation

60.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions, including actions involving defective vehicles.

61.     Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests adverse to those of the Class.

### Predominance of Common Issues

62.     There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any question affecting only individual

Class Members, the answer to which will advance the litigation as to all Class Members. These common legal and factual issues include:

    a.    whether the Class Vehicles suffer from the Window Regulator Defect;

    b.    whether the Window Regulator Defect constitutes an unreasonable safety risk;

    c.    whether Honda knew or should have known about the Window Regulator Defect, and, if yes, how long Honda has known of the defect;

    d.    whether the defective nature of the Class Vehicles constitutes a material fact reasonable consumers would have considered in deciding whether to purchase a Class Vehicle;

    e.    whether Honda has a duty to disclose the defective nature of the Class Vehicles to Plaintiffs and Class Members;

    f.    whether Honda omitted and failed to disclose material facts about the Class Vehicles;

    g.    whether Honda's concealment of the true defective nature of the Class Vehicles induced Plaintiffs and Class Members to act to their detriment by purchasing Class Vehicles;

    h.    whether Honda represented, through its words and conduct, that the Class Vehicles had characteristics, uses, or benefits that they did not actually have, in violation of California's Consumer Legal Remedies Act ("CLRA");

    i.    whether Honda represented, through its words and conduct, that the Class Vehicles were of a particular standard, quality, or grade when they were of another, in violation of the CLRA;

    j.    whether Honda advertised the Class Vehicles with the intent not to sell them as advertised, in violation of the CLRA;

- 15 -

k.  whether Honda's affirmative misrepresentations about the true defective nature of the Class Vehicles were likely to mislead or deceive, and therefore fraudulent, within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq*.

l.  whether Honda's affirmative misrepresentations about the true defective nature of the Class Vehicles were and are unfair within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq*.

m.  whether the Class Vehicles were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability;

n.  whether Plaintiffs and the other Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

o.  whether Honda should be declared financially responsible for notifying all Class Members of the problems with the Class Vehicles and for the costs and expenses of permanently remedying the Window Regulator Defect in the Class Vehicles; and

## **Superiority**

63.     Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Honda's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

64.     Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.  Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek

legal redress for Honda's misconduct.  Absent a class action, Class Members will continue to incur damages, and Honda's misconduct will continue without remedy.

65.     Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION
(Violation of California's Consumer Legal Remedies Act ("CLRA"),
Cal. Civ. Code § 1750, *et seq.*)

66.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

67.     Plaintiffs bring this cause of action for themselves and on behalf of Class Members.

68.     Honda is a "person" as defined by the CLRA.  Cal. Civ. Code § 1761(c).

69.     Plaintiffs and Class Members are "consumers" within the meaning of the CLRA.  Cal. Civ. Code § 1761(d).

70.     By failing to disclose the defective nature of the Class Vehicles to Plaintiffs and Class Members, Honda violated Cal. Civ. Code § 1770(a), because Honda represented that the Class Vehicles had characteristics and benefits (i.e. reliability, durability, etc.) that they do not have, and represented that the Class Vehicles were of a particular standard, quality, or grade (i.e. rugged, durable, etc.) when they were of another.  *See* Cal. Civ. Code §§ 1770(a)(5) & (7).

71.     Honda's unfair and deceptive acts or practices occurred repeatedly in Honda's course of trade or business, were material, were capable of deceiving a substantial portion of the purchasing public, and imposed a safety risk on the public.

72.     Honda knew that the Class Vehicles' window regulators suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

73.     Honda was under a duty to Plaintiffs and Class Members to disclose the defective nature of the window regulators, as well as the associated costs that would have to be repeatedly expended in order to repair the Class Vehicles due to the Window Regulator Defect, because:

a.     The Window Regulator Defect is a safety hazard;

b.     Honda was in a superior position to know the true state of facts about the Window Regulator Defect in the Class Vehicles;

c.     Plaintiffs and Class Members could not reasonably have been expected to learn or discover that the Class Vehicles had the Window Regulator Defect until, at the earliest, the manifestation of the Defect; and

d.     Honda knew that Plaintiffs and Class Members could not reasonably have been expected to learn or discover the Window Regulator Defect prior to its manifestation.

74.     In failing to disclose the defective nature of the Class Vehicles, Honda knowingly and intentionally concealed material facts and breached its duty not to do so.

75.     The facts concealed or not disclosed by Honda to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to purchase a Class Vehicle.  Had Plaintiffs and other Class Members known that the Class Vehicles had the Window Regulator Defect, they would not have purchased a Class Vehicle.

76.     Plaintiffs and Class Members are reasonable consumers who do not expect their Class Vehicles will experience a Window Regulator Defect.  That is

1  the reasonable and objective consumer expectation relating to the safe and normal

2  operation of vehicle windows.

3      77.    As a result of Honda's conduct, Plaintiffs and Class Members have

4  been harmed and have suffered actual damages in that the Class Vehicles

5  repeatedly manifest the Window Regulator Defect, causing inconvenience, creating

6  a safety hazard, and causing Class Members to spend money to repeatedly repair

7  the reoccurring Defect.

8      78.    As a direct and proximate result of Honda's unfair or deceptive acts or

9  practices, Plaintiffs and Class Members have suffered and will continue to suffer

10  actual damages.

11     79.    Plaintiffs and the Class are entitled to equitable relief.

12     80.    Plaintiffs have provided Honda with proper notice of its alleged

13  violations of the CLRA pursuant to Cal. Civ. Code § 1782(a), via a letter sent to

14  Honda and its registered service agent on November 10, 2011.  Honda failed to

15  provide the appropriate relief for its violation of the CLRA within 30 days of the

16  date of the notification letter.  Plaintiffs' notice letter is attached hereto as Exhibit 3.

17     81.    Thus, pursuant to Cal. Civ. Code § 1782(a), Plaintiffs seek actual,

18  statutory, and punitive damages in addition to equitable relief.

19

20              **SECOND CAUSE OF ACTION**

21     (Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code
22                § 17200, *et seq.*)

23     82.    Plaintiffs hereby incorporate by reference the allegations contained in

24  the preceding paragraphs of this Complaint.

25     83.    Plaintiffs bring this cause of action for themselves and on behalf of

26  Class Members.

27     84.    California Business & Professions Code § 17200 prohibits acts of

28  "unfair competition," including any "unlawful, unfair or fraudulent business act or

practice" and "unfair, deceptive, untrue or misleading advertising."  Honda engaged in conduct that violated each of this statute's three prongs.

85.    Honda committed an *unlawful business act or practice* in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, when it violated the CLRA as alleged in Paragraphs 63 - 78, above.

86.    Honda committed *unfair and fraudulent business acts and practices* in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, when it affirmatively misrepresented, actively concealed, and/or failed to disclose the true defective nature of the Class Vehicles in its marketing, advertising, and other broadly disseminated representations in a manner likely to deceive the public.  Specifically, Honda represented that the Class Vehicles were "reliable," "durable," and low-maintenance when, in fact, they are not.

87.    Honda committed *unfair and fraudulent business acts and practices* in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, when it failed to provide a permanent remedy to fix the Window Regulator Defect once and for all in the Class Vehicles.

88.    Honda disseminated *unfair, deceptive, untrue and/or misleading advertising* in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, when it stated in its marketing, advertising, and other broadly disseminated representations that the Class Vehicles are "reliable," "durable," and low-maintenance when, in fact, they are not.  These misrepresentations are likely to deceive the public.  Honda's misleading marketing and advertising statements are set forth at Paragraphs 37 - 44, above.

89.    Honda's unfair or deceptive acts or practices occurred repeatedly in the course of Honda's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

90.     As a direct and proximate result of Honda's unfair and deceptive practices, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

91.     As a result of its unfair and deceptive conduct, Honda has been unjustly enriched and should be required to make restitution to Plaintiffs and Class Members pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204.

## THIRD CAUSE OF ACTION
(Breach of Implied Warranty Pursuant to Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1792 and 1792.1, *et seq.*)

92.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

93.     Plaintiffs bring this cause of action against Honda for themselves and on behalf of Class Members.

94.     Honda was at all relevant times the manufacturer, distributor, warrantor, and/or seller of Class Vehicles.  Honda knew or had reason to know of the specific use for which the Class Vehicles were purchased.

95.     Honda provided Plaintiffs and Class Members with an implied warranty that the Class Vehicles and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold.  However, the window regulators in the Class Vehicles are not fit for their ordinary purpose, and in fact fail under normal wear.  The Class Vehicles are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because, *inter alia*, the Class Vehicles suffer from the Window Regulator Defect that poses a safety risk to vehicle occupants.

96.     Honda impliedly warranted that the Class Vehicles were of merchantable quality and fit for their ordinary purpose of providing reasonably reliable and safe transportation.  This implied warranty included, among other

things: (i) a warranty that the Class Vehicles were manufactured, supplied, distributed, and/or sold by Honda were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles would be fit for their intended use while the Class Vehicles were being operated.

97.     Contrary to the applicable implied warranties, the Class Vehicles are not fit for their ordinary and intended purpose of providing Plaintiffs and Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles are defective and pose a safety risk to vehicle occupants.

98.     Honda's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for their ordinary purpose of providing reasonably reliable and safe transportation, and are in violation of Cal. Civ. Code §§ 1792 and 1792.1.

**FOURTH CAUSE OF ACTION**
(Violation of Cal. Civil Code § 1710 Deceit and Common Law Fraud)

99.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

100.    Pursuant to California Civil Code § 1710, deceit is either (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) a promise, made without any intention of performing it.

101.    Honda's actions constitute deceit under prongs (1), (2), and (3), identified in Paragraph 100, above.

102.    Moreover, the Window Regulator Defect presents a safety hazard to Plaintiffs and Class Members.

1

<u>Deceit Based on Intentional Misrepresentation</u>

2

103.    Honda knowingly and/or recklessly made uniform

3

representations to consumers, including Plaintiffs and Class Members, that the

4

Class Vehicles were of high quality, safe, and durable, when, in fact, the Class

5

Vehicles contained the Window Regulator Defect that compromised the Class

6

Vehicles' quality, safety, and durability.

7

104.    Honda knew or was reckless in not knowing that its

8

representations were untrue.  Honda either had actual knowledge of the fact that the

9

Class Vehicles contained the Defect or it was reckless or negligent in not knowing.

10

105.    Honda intended for consumers to rely on its representations

11

regarding the quality, safety, and durability of the Class Vehicles.  Honda knew that

12

high quality, safety, and durability would induce consumers to buy its products.

13

106.    Plaintiffs and Class Members were unaware of the fact that the

14

Class Vehicles had the Window Regulator Defect.

15

107.    Plaintiffs and the Class Members reasonably relied on Honda's

16

misrepresentations regarding the quality, safety, and durability of Class Vehicles.

17

108.    Plaintiffs and Class Members have been proximately damaged

18

as a result of their reliance on Honda's misrepresentations in that they purchased

19

Class Vehicles that do not have the promised quality, safety, and durability.

20

109.    The quality, safety, and durability of Class Vehicles are primary

21

selling points.  Had Plaintiffs and Class Members known that the Class Vehicles

22

did not have these attributes, they would not have purchased them.

23

<u>Deceit Based on Negligent Misrepresentation</u>

24

110.    Honda negligently made uniform representations to consumers,

25

including Plaintiffs and Class Members, that the Class Vehicles were of high

26

quality, safe, and durable, when, in fact, the Class Vehicles contained the Window

27

Regulator Defect that compromised the Class Vehicles' quality, safety, and

28

durability.

111.    Honda knew or was reckless in not knowing that its representations were untrue.  Honda either had actual knowledge of the fact that the Class Vehicles contained the Defect or it was reckless or negligent in not knowing.

112.    Honda intended for consumers to rely on its representations regarding the quality, safety, and durability of the Class Vehicles.  Honda knew that representations regarding Class Vehicles' high quality, safety, and durability would induce consumers to buy its products.

113.    Plaintiffs and the Proposed Class were unaware of the fact that the Class Vehicles had the Window Regulator Defect.

114.    Plaintiffs and the Proposed Class reasonably relied on Honda's misrepresentations regarding the quality, safety, and durability of Class Vehicles.

115.    Plaintiffs and Class Members have been proximately damaged as a result of their reliance on Honda's misrepresentations in that they purchased Class Vehicles that do not have the promised quality, safety, and durability.

116.    The quality, safety, and durability of Class Vehicles are primary selling points.  Had Plaintiffs and Class Members known that the Class Vehicles did not have these attributes, they would not have purchased them.

### Deceit Based on Fraudulent Concealment/Nondisclosure

117.    Honda fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution (*e.g.*, concealments and omissions in Honda's communications with wholesalers, retailers, and others in the chain of distribution that were ultimately passed on to Plaintiffs and the Class) the true nature of the Class Vehicles, which is that they contain the Window Regulator Defect.

118.    Under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact

1  from the plaintiff; and (4) when the defendant makes partial representations but also

2  suppresses some material facts.

3          119.    Honda had a duty to disclose material facts regarding the true

4  nature of the Class Vehicles pursuant to the second, third, and fourth prongs set

5  forth above in paragraph 118:

6                  a.      Honda had and has a duty to disclose material facts about

7  the Class Vehicles because Honda had exclusive knowledge of the true properties

8  of the Class Vehicles at the time of sale.  The Window Regulator Defect is latent

9  and not something that Plaintiffs or Class Members could, in the exercise of

10  reasonable diligence, have discovered independently prior to purchase.

11                 b.      Honda had and has a duty to disclose material facts about

12  the Class Vehicles because Honda undertook active steps to conceal them.

13  Plaintiffs are aware of nothing in Honda's advertising, publicity, or marketing

14  materials that discloses the truth about the Defect in Class Vehicles, despite ample

15  evidence that Honda was aware of the problem by virtue of, if nothing else,

16  numerous consumer complaints.

17                 c.      Honda had and has a duty to disclose material facts about

18  the Class Vehicles because Honda made and makes partial representations about the

19  Class Vehicles but also suppresses some material facts.  These partial

20  representations give rise to a duty to disclose the full story—that the Class Vehicles

21  contain the Window Regulator Defect—despite Honda's promises to the contrary.

22          120.    The facts concealed and/or not disclosed by Honda to Plaintiffs

23  and Class Members are material facts in that a reasonable person would have

24  considered them important in deciding whether to purchase a Class Vehicle.

25          121.    Honda intentionally concealed and/or failed to disclose the fact

26  that the Class Vehicles contain the Window Regulator Defect for the purpose of

27  inducing Plaintiffs and Class Members to act thereon.

28

122.    Plaintiffs and the Class Members justifiably acted or relied to their detriment upon the concealed and/or non-disclosed facts as evidenced by their purchase of Class Vehicles.

123.    Had Plaintiffs and Class Members known that the Class Vehicles contained the Window Regulator Defect, they would not have purchased a Class Vehicle.

124.    As a direct and proximate cause of Honda's misconduct, Plaintiffs and Class Members have suffered actual damages in that they bought and own Class Vehicles that do not perform as promised, and they will be required to incur costs to replace defective Window Regulators.

125.    Honda's conduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

126.    Honda has acted with "malice" as that term is defined in Civ. Code § 3294(c)(1) by engaging in conduct that was and is intended by Honda to cause injury to the Plaintiffs and Class Members.

127.    Honda has committed "fraud" as that term is defined in Civ. Code § 3294(c)(3) through its concealment of material facts known to Honda with the intent to cause injury to the Plaintiffs and Class Members.

128.    Plaintiffs, on behalf of himself and all others similarly situated, demands judgment against Honda for actual and punitive damages in accordance with Civ. Code § 3294(a) for himself and each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

## FIFTH CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability Pursuant to Tenn. Code Ann. § 47-2-314 - Applicable to Tennessee Subclass Only)

129.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

130.    Plaintiff Jeremy Bordelon brings this cause of action against Honda for himself and on behalf of Tennessee Subclass Members.

131.    Honda was at all relevant times the manufacturer, distributor, warrantor, and/or seller of Class Vehicles.  Honda knew or had reason to know of the specific use for which the Class Vehicles were purchased.

132.    Honda provided Plaintiff and Class Members with an implied warranty that the Class Vehicles and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold.  However, the window regulators in the Class Vehicles are not fit for their ordinary purpose, and in fact fail under less-than-normal wear.  The Class Vehicles are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because, *inter alia*, the Class Vehicles suffer from the Window Regulator Defect that poses a safety risk to vehicle occupants.

133.    Honda impliedly warranted that the Class Vehicles were of merchantable quality and fit for their ordinary purpose of providing reasonably reliable and safe transportation.  This implied warranty included, among other things: (i) a warranty that the Class Vehicles were manufactured, supplied, distributed, and/or sold by Honda were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles would be fit for their intended use while the Class Vehicles were being operated.

134.    Contrary to the applicable implied warranties, the Class Vehicles are not fit for their ordinary and intended purpose of providing Plaintiff and Class Members with reliable, durable, and safe transportation.  Instead, the Class Vehicles are defective and pose a safety risk to vehicle occupants.

135.    Honda's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for their ordinary purpose of providing reasonably reliable and safe transportation, and are in violation of Tenn. Code Ann. § 47-2-314.

136.    Plaintiff and Tennessee Subclass Members have suffered damages as a result of Honda's breach of its implied warranty.

## **RELIEF REQUESTED**

137.    Plaintiffs, on behalf of themselves, and all others similarly situated, request the Court to enter judgment against Honda, as follows:

 a. an order certifying the proposed Class and/or Subclasses, designating Plaintiffs as named representatives of the Class and/or Subclasses, and designating the undersigned as Class Counsel;

 b. a declaration that Honda is financially responsible for notifying all Class Members about the defective nature of the Class Vehicles;

 c. an order enjoining Honda from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles, and to permanently repair the Class Vehicles so that they no longer possess the Window Regulator Defect;

 d. an award to Plaintiffs and Class Members of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

 e. a declaration that Honda must disgorge, for the benefit of Plaintiffs and Class Members, all or part of the ill-gotten profits it received from the sale or lease of the Class Vehicles, or make full restitution to Plaintiffs and Class Members;

 f. an award of attorneys' fees and costs, as allowed by law;

 g. an award of attorneys' fees and costs pursuant to Cal. Code Civ. P. § 1021.5;

- 28 -

1          h.      an award of pre-judgment and post-judgment interest, as

2                  provided by law;

3          i.      leave to amend this Complaint to conform to the evidence

4                  produced at trial; and

5          j.      such other relief as may be appropriate under the circumstances.

6

7                          **<u>DEMAND FOR JURY TRIAL</u>**

8          138.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a

9   trial by jury of any and all issues in this action so triable of right.

10

11  Dated:  February 9, 2012              Respectfully submitted,

12                                        LIEFF CABRASER HEIMANN &
                                          BERNSTEIN, LLP
13

14

15                                        By:  _____

16                                              Jonathan D. Selbin

17

18                                        Jonathan D. Selbin (State Bar No. 170222)
                                          jselbin@lchb.com
19                                        Kristen E. Law-Sagafi (State Bar No. 222249)
                                          ksagafi@lchb.com
20                                        LIEFF CABRASER HEIMANN &
                                          BERNSTEIN, LLP
21                                        275 Battery Street, 29th Floor
                                          San Francisco, CA  94111
22                                        Telephone:  415-956-1000
                                          Facsimile:  415-956-1008
23

24                                        Mark P. Chalos (*pro hac vice* forthcoming)
                                          mchalos@lchb.com
25                                        LIEFF CABRASER HEIMANN &
                                          BERNSTEIN, LLP
26                                        One Nashville Place
                                          150 Fourth Avenue, Suite 1650
27                                        Nashville, TN  37219-2423

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Annika K. Martin (*pro hac vice* forthcoming)
akmartin@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT
CASE NO. _____

# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

PHYLLIS GRODZITSKY and
JEREMY BORDELON, on behalf
of themselves and all others
similarly situated,

        Plaintiffs,

vs.

AMERICAN HONDA MOTOR
CO., INC.,

        Defendant.

Case No. _____

**DECLARATION OF JEREMY
BORDELON IN SUPPORT OF
FILING CLASS ACTION
COMPLAINT IN THE CENTRAL
DISTRICT OF CALIFORNIA,
WESTERN DIVISION, PURSUANT
TO CAL. CIV. CODE § 1780(d)**

I, Jeremy Bordelon, under penalty of perjury, do hereby state as follows:

1.     I am over the age of eighteen (18), and a Named Plaintiff and proposed Class Representative in the above-entitled action. This Declaration, which is based on my personal knowledge of the facts stated herein, is submitted in support of the Class Action Complaint filed concurrently herewith, pursuant to Cal. Civ. Code § 1780(d).

2.     As Named Plaintiff, I bring this action for money damages, equitable relief, and restitution on behalf of myself and all similarly-situated individuals and entities who were harmed by the practices described in the Complaint.

962830.1

-1-

DECLARATION OF JEREMY BORDELON IN SUPPORT OF FILING CLASS ACTION COMPLAINT

3.     As detailed in the Complaint, a substantial portion of the conduct at issue in this litigation occurred within the Central District of California and, more specifically, in Los Angeles County, California, because Defendant American Honda Motor Co., Inc. has its principal place of business in Torrance, Los Angeles County, California.

I declare that the foregoing is true and correct.  Executed in Chattanooga, Tennessee on February 9, 2012.

JEREMY BORDELON

DECLARATION OF JEREMY BORDELON IN SUPPORT OF FILING CLASS ACTION COMPLAINT

# EXHIBIT 2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY and JEREMY BORDELON, on behalf of themselves and all others similarly situated, | Case No. _____ |
| Plaintiffs, | **DECLARATION OF PHYLLIS GRODZITSKY IN SUPPORT OF FILING CLASS ACTION COMPLAINT IN THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, PURSUANT TO CAL. CIV. CODE § 1780(d)** |
| vs. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |

I, Phyllis Grodzitsky, under penalty of perjury, do hereby state as follows:

1.      I am over the age of eighteen (18), and a Named Plaintiff and proposed Class Representative in the above-entitled action.  This Declaration, which is based on my personal knowledge of the facts stated herein, is submitted in support of the Class Action Complaint filed concurrently herewith, pursuant to Cal. Civ. Code § 1780(d).

2.      As Named Plaintiff, I bring this action for money damages, equitable relief, and restitution on behalf of myself and all similarly-situated individuals and entities who were harmed by the practices described in the Complaint.

3.     As detailed in the Complaint, a substantial portion of the conduct at issue in this litigation occurred within the Central District of California and, more specifically, in Los Angeles County, California, because Defendant American Honda Motor Co., Inc. has its principal place of business in Torrance, Los Angeles County, California.

I declare that the foregoing is true and correct.  Executed in San Diego, California on February 8, 2012.

PHYLLIS GRODZITSKY

962771.1

- 2 -

# EXHIBIT 3

# Lieff
# Cabraser
# Heimann &
# Bernstein
#### Attorneys at Law

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
ONE NASHVILLE PLACE
150 FOURTH AVENUE NORTH, SUITE 1650
NASHVILLE, TN 37219-2423
T 615.313.9000
F 615.313.9965

November 10, 2011

Mark P. Chalos
Partner
mchalos@lchb.com

### VIA CERTIFIED U.S. MAIL (RETURN RECEIPT REQUESTED)

Tetsuo Iwamura
President and CEO
American Honda Motor Co., Inc.
1919 Torrance Boulevard
Torrance, CA 90501-2746

CT Corporation System
818 W. Seventh St
Los Angeles, CA 90017
*Registered Agent for Service of Process on*
*American Honda Motor Co., Inc.*

Catherine M. McEveily
Vice President & General Counsel, Legal
American Honda Motor Co., Inc.
1919 Torrance Boulevard
Torrance, CA 90501-2746

Re:   Honda Vehicles Defective Window Regulators

To American Honda Motor Co., Inc.:

        We are writing on behalf of Phyllis Grodzitsky, a California resident, who owns a 2002 Honda Odyssey LX (VIN No. 2HKRL18552H568271), and Angela Dawson, a Georgia resident, who owns a 2003 Honda Accord EX (VIN No. JHMCM56673C011010), and others similarly situated (the "Class") to notify you that they have experienced a safety-related failure in their vehicles' occupant protection system, namely, the failure of their window regulators.  The regulator failure causes the vehicles' side windows to become inoperable and, frequently, the windows become stuck in the down position.  Preliminary engineering analysis has confirmed that the window regulator design for certain Honda-manufactured vehicles includes a weak plastic bracket that breaks, causing the window regulator to fail. The apparently-defective window regulator parts are evidently used in a variety of Honda- and Acura-branded vehicles, including but not limited to Honda Pilots, Honda Elements, Honda Accords, and Acura MDXs ("Subject Vehicles").

        Upon information and belief, this defect was well-known to Honda.  Accordingly, it appears that Honda knowingly manufactured and sold certain models of Honda-manufactured vehicles with defectively designed window regulators.  Ms. Grodzitsky and Ms. Dawson further allege that Honda knew that replacing the failed window regulators with the same defectively designed part would result in multiple failures on the same vehicle.  As a result of the failure of their Honda vehicles' defectively designed window regulators, Ms. Grodzitsky paid $409 out of pocket for the repairs; Ms. Dawson paid $800 for the repairs to her vehicle.

November 10, 2011
Page 2

Honda's conduct apparently constitutes violations of applicable express and implied warranties, as well as California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., which prohibits acts of "unfair competition"; Cal. Bus. & Prof. Code §§ 17500, et seq., which prohibits false advertising; and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; and other similar state consumer protection statutes, in at least the following ways:

1.  Representing through advertising, warranties, and other express representations, that the Subject Vehicles had uses or characteristics that they did not actually have;

2.  Falsely representing that the Subject Vehicles are of a particular standard, quality or grade when they are of another;

3.  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve;

4.  Improperly disclaiming or limiting the implied warranty of merchantability and fitness for use;

5.  Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction;

6.  Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

7.  Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner;

8.  Advertising the subject vehicles with the intent not to sell them as advertised; and

9.  Other unfair or deceptive conduct or practices in trade or commerce.

Ms. Grodzitsky, Ms. Dawson, and the Class have all suffered actual damages as a result of the conduct, including but not limited to, the cost of repairs to the window regulators and windows.

Ms. Grodzitsky, Ms. Dawson, and the Class hereby request that within thirty (30) days of receiving this letter, Honda agree to correct, repair, replace, or otherwise rectify the defective window regulators, as well as agrees to reimburse Ms. Grodzitsky, Ms. Dawson, and all Class members for any associated out-of-pocket expenses. Unless these actions, as requested above, occur within the thirty-day timeframe, we intend to file a class action for damages and

November 10, 2011
Page 3

attorneys' fees in addition to equitable, injunctive, and other relief available under applicable law.

This letter is intended as notice to your company of the problem we have identified. It is also intended to provide the company with an opportunity to engage in pre-filing discussions regarding these issues and a potential resolution of them.  If you are not willing to engage in such discussions, which is obviously your prerogative, and we will simply file our case.  If the company is interested in engaging in such pre-filing discussions, we are willing to do so.  Although we believe this safety-related problem is well-known to your company, we are prepared, along with our engineering consultants, to meet with you and your technical folks to exchange and discuss such information. Our hope is we can persuade you that there is a problem that needs to be resolved.  It is also possible, of course, that you will persuade us we are off the mark and should not file a case at all.  Either way, based on our experience with such meetings in other cases, we believe both sides would benefit from the process.

Please contact me if you have any questions regarding this notice or the issues raised herein.

Thank you.

Sincerely,

Mark P. Chalos

MPC/akm

cc:    Phyllis Grodzitsky
        Stephen B. Morris
        Angela Dawson
        Jonathan D. Selbin

943128.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 1142 RSWL (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS GRODZITSKY and JEREMY BORDELON on behalf of themselves and all other similarly situated, **PLAINTIFF(S)** <br> v. <br> AMERICAN HONDA MOTOR CO., INC. <br><br> **DEFENDANT(S).** | **CASE NUMBER** <br><br> CV 12 1142~RSWL(PLAx) <br><br> **SUMMONS** |

TO:  **DEFENDANT(S):** AMERICAN HONDA MOTOR CO., INC., Tetsuo Iwamura, President and CEO, Catherine M. McEveily, Vice President & General Counsel, Legal, 1919 Torrance Boulevard, Torrance, CA 90501-2746

A lawsuit has been filed against you.  c/o CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017, Registered Agent for Service of Process on American Honda Motor Co., Inc.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __Jonathan D. Selbin_____, whose address is __Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, San Francisco, CA 94111__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __FEB – 9 2012__

By: ___MARILYN DAVIS___
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

PHYLLIS GRODZITSKY and JEREMY BORDELON

**DEFENDANTS**

AMERICAN HONDA MOTOR CO., INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jonathan Selbin (State Bar No. 170222)
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, San Francisco, CA 94111, 415-956-1000

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of: Cal. Civ. Code § 1761(c), Cal. Bus. & Prof. Code § 17200, Cal. Civ. Code §§ 1792 and 1792.1, Cal. Civ. Code § 1710, and Tenn. Code Ann. § 47-2-314

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: **CV12  1142**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                   CIVIL COVER SHEET                                   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| _____ County, California (Plaintiff Grodzitsky) | Hamilton County, Tennessee (Plaintiff Bordelon) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 02/09/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |