1  Paul G. Cereghini (SBN: 148016)
2  *paul.cereghini@bowmanandbrooke.com*
   Marion V. Mauch (SBN: 253672)
3  *marion.mauch@bowmanandbrooke.com*
4  BOWMAN AND BROOKE LLP
   879 West 190th Street, Suite 700
5  Gardena, CA 90248-4227
6  Tel:   (310) 768-3068
   Fax:  (310) 719-1019
7
8  Attorneys for Defendant AMERICAN HONDA MOTOR CO., INC.

9

10            UNITED STATES DISTRICT COURT

11    CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

12

13  PHYLLIS GRODZITSKY, et al.,          CASE NO.:  CV 12-1142 SVW (PLAx)

14            Plaintiffs,               Assigned to:  Hon. Stephen V. Wilson

15                                       **NOTICE OF MOTION AND MOTION**
16  vs.                                  **TO STRIKE CLASS ALLEGATIONS**
                                         **AND CERTAIN OTHER PORTIONS OF**
17  AMERICAN HONDA MOTOR CO.,            **PLAINTIFFS' COMPLAINT UNDER**
18  INC.,                                **FED. R. CIV. P. 12 & 23**

19            Defendant.                 [Filed concurrently with [Proposed] Order]
20

21                                       Date:       May 14, 2012
22                                       Time:       1:30 p.m.
                                         Courtroom:  6
23
24                                       Complaint Filed:   February 9, 2012
25

26                     <u>**NOTICE**</u>

27       TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

28

                              1

PLEASE TAKE NOTICE that on May 14, 2012, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 6 of the United States District Court, Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, California 90012, American Honda Motor Co., Inc. ("Honda") will move the Court to strike Plaintiffs Phyllis Grodzitsky and Jeremy Bordelon's class allegations and certain other portions of Plaintiffs' Complaint, including Plaintiffs' "notice" allegations (Compl. ¶ 44), pursuant to Fed. R. Civ. P. 12 and 23.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the pleadings, records, and files in this action, and such other and further evidence and argument as may be presented at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on April 5, 2012.


DATED:  April 12, 2012                    BOWMAN AND BROOKE LLP


                                          By:   /s/ Marion V. Mauch
                                                Paul G. Cereghini
                                                Marion V. Mauch
                                                Attorneys for Defendant
                                                AMERICAN HONDA MOTOR CO.,
                                                INC.

2

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

Facts..................................................................................................................... 1

Argument............................................................................................................. 2

    I.     The Court should strike Plaintiffs' class allegations and requested
        certification as improper and impermissible as a matter of law........... 2

        A.    Plaintiffs' proposed class is impermissible as a matter of law
               for lack of standing................................................................... 4

        B.    Plaintiffs' attempt to apply California law to a putative
               nationwide class is impermissible as a matter of law ................ 5

        C.    Plaintiffs propose facially impermissible "fail-safe" classes..... 9

    II.    The Court should strike Plaintiffs' improper and prejudicial
        "notice" allegations............................................................................. 11

Conclusion ....................................................................................................... 13

i

1

## TABLE OF AUTHORITIES

2

3

**Cases**

4

Aguilar v. Allstate Fire and Cas. Ins. Co.,
   No. 06-cv-4660, 2007 WL 734809 (E.D. La. Mar. 6, 2007) ................................. 3

5

6

Bennett v. Nucor Corp.,
   No. 3:04cv291, 2005 WL 1773948 (E.D. Ark. July 6, 2005) ............................... 3

7

8

Brazil v. Dell, Inc.,
   585 F. Supp. 2d 1158 (N.D. Cal. 2008) ....................................................... 9, 10, 11

9

Bd. of Educ. of Twp. High Sch. v. Climatemp, Inc.,
   Nos. 79 C 3144 & 79 C 4898, 1981 WL 2033 (N.D. Ill. Feb. 20, 1981) ........... 3

10

11

Burdick v. Union Sec. Ins. Co.,
   No. CV 07-4028 ABC, 2009 WL 4798873 (C.D. Cal. Dec. 9, 2009) ................... 4

12

13

Bureerong v. Uvawas,
   922 F. Supp. 1450 (C.D. Cal. 1996) ....................................................................... 2

14

Canez v. King Van & Storage, Inc.,
   No. BC396040, 2010 WL 4948441 (Cal. App. Ct. Dec. 7, 2010) ....................... 10

15

16

Fantasy, Inc. v. Fogerty,
   984 F.2d 1524 (9th Cir. 1992) .............................................................................. 11

17

18

Fogerty v. Fantasy, Inc.,
   510 U.S. 517, 534-535, 114 S.Ct. 1023 (1994) .................................................. 11

19

Ford Motor Co. v. Sheldon,
   22 S.W.3d 444 (Tex. 2000) ............................................................................. 10, 11

20

21

In re Bridgestone/Firestone, Inc.,
   288 F.3d 1012 (7th Cir. 2002) ............................................................................... 6

22

23

Johnson v. Ga. Hwy. Express, Inc.,
   417 F.2d 1122 (5th Cir. 1969) .............................................................................. 10

24

Lumpkin v. E.I. DuPont de Nemours & Co.,
   161 F.R.D. 480 (M.D. Ga. 1995) ........................................................................... 3

25

26

Mazza v. Am. Honda Motor, Inc.,
   666 F.3d 581 (9th Cir. 2012) ....................................................................... 5, 6, 7, 8

27

Nguyen v. St. Paul Travelers Ins. Co.,
   No. 06-4130, 2009 WL 23677 (E.D. La. Jan. 5, 2009) ......................................... 3

28

ii

O'Connor v. Boeing N. Am., Inc.,
    184 F.R.D. 311 (C.D. Cal. 1998) ................................................................. 2, 10

Pilgrim v. Universal Health Card, LLC,
    660 F.3d 943 (6th Cir. 2011) ....................................................................... 3, 6

Sanders v. Apple, Inc.,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................. 2, 4, 5

Thornton v. State Farm Mut. Auto Ins. Co.,
    No. 1:06-cv-00018, 2006 WL 3359482 (N.D. Ohio Nov. 17, 2006) ................... 3

Walker v. Sunrise Pontiac-GMC Truck, Inc.,
    249 S.W.3d 301 (Tenn. 2008) ........................................................................ 9

Whittlestone, Inc. v. Handi-Craft Co.,
    618 F.3d 970 (9th Cir. 2010) ....................................................................... 11

Wiseberg v. Toyota Motor Corp., No.,
    2:11-cv-03776-JLL-MAH, 2012 WL 1108542 (D.N.J. Mar. 30, 2012) ....... 12, 13

Zinser v. Accufix Research Inst., Inc.,
    253 F.3d 1180 (9th Cir. 2001) ................................................................ 7, 8, 9

**Rules**

Fed. R. Civ. P. 12 ................................................................................... 2, 11

Fed. R. Civ. P. 23 ............................................................................... passim

**Statutes**

Tenn. Code Ann. § 47-18-109(a)(1) ............................................................ 9

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant American Honda Motor Co., Inc. ("Honda") pursuant to Fed. R. Civ. P. 12 and 23, states as follows in support of its motion to strike the class allegations and certain other portions of Plaintiffs' Complaint (ECF No. 1).

### Facts

Plaintiffs Phyllis Grodzitsky and Jeremy Bordelon allege that they each purchased certified, used Honda vehicles, which, many years after their initial purchase, experienced failures of the side window regulators, causing the windows to become temporarily inoperable and requiring service.   (Compl. ¶¶ 11-16.) California Plaintiff Grodzitsky purchased her used 2002 Odyssey in 2005, when it was already at least three years old.  (*Id.* ¶ 11.)  She drove it for over six more years before she experienced the alleged incident of a window regulator failure in September 2011.  (*Id.* ¶¶ 11-12.)  Tennessee Plaintiff Bordelon purchased his used 2006 Honda Element in December 2009 and drove it for over another year and a half before experiencing any window regulator issue.  (*Id.* ¶¶ 15-16.)

Purporting to represent a nationwide class of Honda purchasers, Plaintiffs assert various claims against Honda based on the general premise that the window regulators in all Honda Odyssey, Pilot, Element, Accord, CR-V, and Civic vehicles, as well as all Acura MDXs, for model years 1994 through 2007 (which Plaintiffs define as the "Class Vehicles") were "defective" because they would, at some point during the vehicles' lives, wear out and require replacement.  (*See generally id.* ¶¶ 1-10.)  Plaintiffs define the "Class Members" as "[a]ll persons in the United States who have purchased or leased a Class Vehicle with the Window Regulator Defect . . . ."  (*Id.* ¶ 6; *see also id.* ¶ 55.)  Plaintiffs propose two alternative putative sub-classes of California and Tennessee purchasers and leasors as well.  (*Id.* ¶ 56.)  Plaintiffs define the alleged "Window Regulator Defect" as a condition in the operating system of the electric windows that makes them "susceptible to frequent mechanical failure."  (*Id.* ¶¶ 4-5.)

1

1    Plaintiffs further allege that Honda had notice of the alleged defect by
2   various means.  Specifically, they allege, without any factual support, that "Honda
3   has been aware of the Window Regulator Defect since at least 2006, if not earlier."
4   (*Id.* ¶ 44.)   They further allege that unidentified "Class Members complained
5   publicly online about the Window Regulator Defect, or communicated directly to
6   Honda, Honda dealerships, or Honda service centers," but Plaintiffs fail to identify
7   any of these individuals or their purported communications.   (*Id.*)   Finally,
8   Plaintiffs allege "some Class Members were told by Honda service center
9   employees that Window Regulator failure was a well-known and pervasive
10  problem affecting the Class Vehicles," further alleging that some unidentified
11  Honda service center employee(s) purportedly told undisclosed Honda customers
12  that "all of them [i.e., Honda vehicles] have this [Window Regulator Defect]
13  problem." (*Id.*)

### **Argument**

14

15  I.   The Court should strike Plaintiffs' class allegations and requested
16       certification as improper and impermissible as a matter of law.

17    The plaintiff must show that his proposed class definition is properly
18  certifiable and "precise, objective, and presently ascertainable."   *O'Connor v.*
19  *Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998).   Where the plaintiff
20  fails to plead a proper proposed class definition, the court can and should strike
21  class allegations that, on their face, cannot properly be certified. *See, e.g.*, *Sanders*
22  *v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (granting motion to
23  strike class allegations before discovery and before the certification stage).
24  Moreover, where any part of the prayer for relief is not recoverable as a matter of
25  law, including a prayer for certification of a proposed class, a Rule 12(f) motion to
26  strike the class allegations and requested class treatment is appropriate. *Bureerong*
27  *v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).
28

1    In addition, striking improper and non-viable class allegations is also proper
2    where the face of the complaint shows that the proposed class is not certifiable
3    under Rule 23.  *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943,
4    945-49 (6th Cir. 2011) (affirming motion to strike class allegations seeking
5    putative nationwide class for alleged consumer protection claims); *Nguyen v. St.*
6    *Paul Travelers Ins. Co.*, No. 06-4130, 2009 WL 23677, at *1 (E.D. La. Jan. 5,
7    2009) (denying reconsideration of order striking class allegations due to
8    predominance of individual issues over questions of law or fact common to the
9    putative class, noting:  "Courts have routinely applied Rule 23(d)(1)(D) or its
10   predecessor Rule 23(d)(4) to motions to strike class allegations"); *Aguilar v.*
11   *Allstate Fire and Cas. Ins. Co.*, No. 06-cv-4660, 2007 WL 734809, at *3 (E.D. La.
12   Mar. 6, 2007) ("On the face of the pleading, it is clear that individualized and
13   highly personal issues pertaining to each class member patently overwhelm any
14   arguable common issues, rendering the claims inappropriate for class treatment");
15   *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-cv-00018, 2006 WL
16   3359482, at *1 (N.D. Ohio Nov. 17, 2006) (granting motion to strike class
17   allegations under Fed. R. Civ. P. 23(c) and (d)); *Bennett v. Nucor Corp.*, No.
18   3:04cv291, 2005 WL 1773948, at *2 (E.D. Ark. July 6, 2005) (accord); *Lumpkin*
19   *v. E.I. DuPont de Nemours & Co.*, 161 F.R.D. 480, 481-82 (M.D. Ga. 1995)
20   (striking class allegations and stating that "awaiting further discovery will only
21   cause needless delay and expense"); *Bd. of Educ. of Twp. High Sch. v. Climatemp,*
22   *Inc.*, Nos. 79 C 3144 & 79 C 4898, 1981 WL 2033, at *2 (N.D. Ill. Feb. 20, 1981)
23   (finding that motion to strike was procedurally appropriate, reflecting "the court's
24   inherent power to prune pleadings in order to expedite the administration of justice
25   and to prevent abuse of its process").

26   Plaintiffs' proposed class definition, including the request for certification of
27   a nationwide class, is facially improper and impermissible for several reasons.
28   Based on these facial improprieties and the uncertifiable nature of Plaintiffs'

1  proposed class(es), the Court should, at this early stage, strike Plaintiffs' improper

2  class allegations and requested relief of class certification.

3      A.    Plaintiffs' proposed class is impermissible as a matter of law
             for lack of standing.

4

5      A proper class definition requires that all of the proposed class members

6  have Article III standing. *See Burdick v. Union Sec. Ins. Co.*, No. CV 07-4028

7  ABC, 2009 WL 4798873, at *4 (C.D. Cal. Dec. 9, 2009) (holding that, even when

8  the claims are based on state law, all absent putative class members must satisfy

9  Article III standing). That means that unless each and every possible member of

10 the putative class would invariably have an actual or imminent, concrete and

11 particularized injury, the class as a whole cannot be certified, as a matter of law.

12 *See, e.g., Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 992 (N.D. Cal. 2009) ("no

13 class may be certified that contains members lacking Article III standing").

14     Plaintiffs' proposed class includes "[a]ll persons in the United States who

15 purchased or leased a Class Vehicle"—one of seven different model Honda or

16 Acura vehicles spanning a period of fourteen years—"with the Window Regulator

17 Defect." (Compl. ¶¶ 55-56.) Moreover, Plaintiffs have defined "Window

18 Regulator Defect" as a condition inherent in the design, manufacture, or assembly

19 of the vehicle, regardless of whether any such "defect" ever manifests in an actual

20 failure of the window regulator. (*Id.* ¶ 4.) Such an expansive definition necessarily

21 includes members who lack Article III standing as a matter of law, for several

22 reasons.

23     For starters, this proposed definition does not require that putative class

24 members ever had the alleged window regulator issue actually manifest in their

25 vehicles, or that they have suffered any injury or damages at all, in violation of

26 Article III. Moreover, this definition, by including anyone and everyone who

27 merely purchased or leased one of the "Class Vehicles," would include individuals

28 who no longer even own their cars and who drove them for years and then sold

4

1    them at fair market value, or drove them to the end of their useful lives and

2    disposed of them, all without any window regulator incident occurring.   Such

3    individuals would not have even the possibility of suffering some imminent future

4    injury and, thus, would likewise lack standing.   The proposed class would also

5    impermissibly include purchasers who had an alleged window regulator failure that

6    was covered and paid for under warranty, and then never had another incident

7    occur during their ownership of the vehicle.   Such individuals would clearly have

8    no injury, no damages, and no standing under Article III.

9          In addition, despite alleging purported advertising misrepresentations,

10   Plaintiffs' proposed class would improperly include all purchasers regardless of

11   whether any of them actually ever saw or relied on the alleged misrepresentations.

12   *See Sanders*, 672 F. Supp. 2d at 991; *see also Mazza v. Am. Honda Motor, Inc.*, 666

13   F.3d 581, 596 (9th Cir. 2012) (reversing class certification in part because the

14   overly broad putative nationwide class as defined to include all purchasers of

15   Honda vehicles with a certain brake system during a three-year period "almost

16   certainly includes members who were not exposed to, and therefore could not have

17   relied on, Honda's allegedly misleading advertising material").

18         Plaintiffs' proposed class would clearly include members who have suffered

19   no injury and, thus, lack Article III standing, as a matter of law.   Therefore, the

20   Court should strike Plaintiffs' improper class allegations on this ground as well.

21         B.    Plaintiffs' attempt to apply California law to a putative
              nationwide class is impermissible as a matter of law.

22

23         To maintain a class action under Rule 23(b)(3), a plaintiff must demonstrate

24   that "questions of law or fact common to class members predominate over any

25   questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).   Honoring

26   this requirement, courts have granted early motions to strike class allegations

27   where, as here, the plaintiff improperly attempts to certify a nationwide class based

28

1   on underlying transactions governed by the different laws, including consumer
2   protection laws, of individual states. *E.g.*, *Pilgrim*, 660 F.3d at 945, 949.

3       In *Pilgrim*, the Sixth Circuit granted the defendant's motion under Rule 23
4   to strike the class allegations class allegations seeking to certify a nationwide class
5   of consumers whose claims would be governed by the individual laws of their
6   home States. *See generally id.* The *Pilgrim* court explained that there was no
7   reason to wait until the plaintiff filed a class certification motion to decide the issue.
8   *Id.* at 949. Delaying the issue, the court explained, would be pointless: "The key
9   reality remains: [The plaintiffs'] claims are governed by different States' laws, a
10  largely legal determination, and no proffered or potential development offers any
11  hope of altering that conclusion, one that general will preclude class certification."
12  *Id.*

13      Plaintiffs here propose either a nationwide class of consumers all under
14  California law or a nationwide class in this one Court comprised of "subclasses" of
15  individuals from multiple States (and perhaps all fifty States). (Compl. ¶¶ 6, 31,
16  55.) Neither option is proper or permissible as a matter of law, and the Court
17  should strike the class allegations under Rule 23 either way, for multiple reasons.

18      *First*, as in *Pilgrim*, predominance is wholly lacking in any nationwide class
19  action based on consumer protection and contract/warranty laws. 660 F.3d at 946-
20  49 (citing cases from multiple jurisdictions rejecting putative nationwide classes);
21  *see also In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015, 1018 (7th Cir.
22  2002) (reversing certification of a nationwide class in a contract and consumer fraud
23  suit involving allegedly defective tires, and holding that such a class is rarely, if
24  ever, appropriate where each plaintiff's claim will be governed by the law of his
25  own State). Indeed, to the extent Plaintiffs seek a nationwide class based solely on
26  California law, as they do, the Ninth Circuit has squarely condemned such an
27  approach. *Mazza v. Am. Honda Motor, Inc.*, 666 F.3d 581 (9th Cir. 2012)
28

1    (reversing certification of nationwide class on consumer protection claims based on
2    lack of predominance under Rule 23(b)(3)).

3        In *Mazza*, the plaintiffs sought to certify a nationwide class under California
4    consumer protection and other law comprised of "all consumers who purchased or
5    leased Acura RLs equipped with" a certain braking system over a three-year period,
6    arguing that Honda misrepresented and concealed information about the brake
7    systems.  *Id.* at 585, 587.   The district court certified the class, holding that
8    California, as the forum state, had sufficient contacts with the claims asserted,
9    "given Defendants' contacts with the state, to ensure that the choice of California
10   law is not arbitrary or unfair to nonresident class members." *Id.* at 588.  The Ninth
11   Circuit granted interlocutory review to decide whether, among other issues, the
12   district court erred in certifying a nationwide class under California's consumer
13   protection laws. *Id.* at 589.

14       Applying California's three-step governmental-interest choice-of-law test,
15   the Ninth Circuit held that "the district court abused its discretion in certifying a
16   class under California law that contained class members who purchased or leased
17   their car in different jurisdictions with material different consumer protection
18   laws." *Id.* at 590 (discussing three-part test looking at (1) whether the jurisdictions'
19   laws materially differ, (2) each jurisdiction's interest in applying its own law, and
20   (3) the nature and strength of the interest and which state's laws would be more
21   impaired were its law not applied).

22       For the first step, the *Mazza* court surveyed and explained the significant
23   material differences in consumer-protection laws across the country that precluded
24   nationwide treatment, including both as to underlying liability as well as remedies
25   granted. *Id.* at 590-91.  The court then noted the significant federalism implications
26   and the fact that "every state has an interest in having its law applied to its resident
27   claimants." *Id.* at 591 (quoting *Zinser*, 253 F.3d 1180, 1187 (9th Cir. 2001)).  The
28   court concluded:  "The automobile sales at issue in this case took place within 44

7

different jurisdictions, and each state has a strong interest in applying its own consumer protection laws to those transactions." *Id.* at 592. Finally, on the final step of the analysis, the *Mazza* court noted that "the importance of federalism when applying choice of law principles to class action certification is reinforced by the Class Action Fairness Act of 2005." *Id.* at 593. Examining the legislative history of CAFA, the court explained, "the problem is that many state courts faced with interstate class actions have undertaken to dictate the substantive laws of other states by applying their own laws to other states, resulting in a breach of federalism principles." *Id.* (quoting S. Rep. No. 109-14, at 61 (2005), 2005 U.S.C.C.A.N. 3, 57). "Accordingly," the court concluded, "'courts should not attempt to apply the laws of one state to behaviors that occurred in other jurisdictions.'" *Id.*

Applying those principles to the case at hand, the *Mazza* court explained that "with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest," and that "California considers the 'place of the wrong' to be the state where the last event necessary to make the actor liable occurred.'" *Id.* (citing cases). In the context of automobile purchases, the court concluded that "the last events necessary for liability as to the foreign class members—communication of the advertisements to the claimants and their reliance thereon in purchasing vehicles—took place in the various foreign states, not in California." *Id.* at 594.

Here, the facts are essentially indistinguishable, and Plaintiffs' attempt to plead a nationwide class based on individual transactions across a multitude of States is equally infirm. After *Mazza*, Plaintiffs' putative nationwide class is, on its face and as a matter of law, invalid and impermissible. Thus, without even needing to go into a detailed Rule 23 analysis of class certification,[1] the Court should strike Plaintiffs' allegations. (*See, e.g.*, Compl. ¶¶ 6, 55, & 137(a).)[2]

---

[1]   Plaintiffs' class allegations are properly stricken as a preliminary matter. However, to the extent the Court were not inclined to strike them now, Honda

*Second*, a class of individual subclasses comprised of purchasers of seven different Honda models spanning fourteen years would, no doubt, implicate most if not all, States in the Union.  Such an action would be unworkable as a unified class action, as the variations in states' laws would compound the factual differences between the claims, overwhelming any common issues.  *See, e.g., Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189-90 (9th Cir. 2001).

*Third*, Plaintiffs do not have any putative class representatives for any jurisdiction other than California and Tennessee.  Thus, they have no one who would have standing to assert claims under those other jurisdictions' laws and no one who would be "representative" of class members in those other States.  This is another fatal defect in Plaintiffs' request to certify a nationwide class based on the laws of individual States.  *See* Fed. R. Civ. P. 23(a) (requiring representatives for the proposed class or subclasses).

C.   Plaintiffs propose facially impermissible "fail-safe" classes.

For a proposed class to be properly defined, the members must be clearly ascertainable by reference to objective criteria.  *See, e.g., Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008) (striking class allegations based on proposed class definition for "fail-safe" classes that "cannot, as alleged, be presently ascertained").  The purposes behind this ascertainability requirement are several:

> Without reasonable specificity the court cannot define the class, cannot determine whether the representation is adequate, and the [defendant] does not know how to defend.  And, what may be most significant, an over-

---

respectfully reserves the right to oppose class certification at a later stage.

[2] Plaintiffs' improper attempt to apply California law to pursue a putative "consumer protection" class action on behalf of Tennessee consumers is all the more egregious in light of the fact that Tennessee law precludes any class actions under its Consumer Protection Act.  *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 308-11 (Tenn. 2008); *see also* Tenn. Code Ann. § 47-18-109(a)(1) (permitting actions under the TCPA to be brought only "individually").

> broad framing of the class may be so unfair to the absent
> members as to approach, if not amount to, deprivation of
> due process.

*Johnson v. Ga. Hwy. Express, Inc.*, 417 F.2d 1122, 1126 (5th Cir. 1969).

In keeping with the requirement of a class that is "precise, objective, and presently ascertainable," *O'Connor*, 184 F.R.D. at 319, defining a class by criteria that are subjective or that require inquiry into the merits of the case is improper because it defeats present ascertainability. *Brazil*, 585 F. Supp. 2d at 1167 (striking class allegations after concluding that "to determine who should be a member of the proposed class, it would be necessary for the court to reach a legal determination" on the ultimate issue and therefore "the proposed class cannot, as alleged, be presently ascertained"). As numerous courts have held, a proposed class definition that requires inquiry into the merits of the individual members' claims is an impermissible "fail-safe" class. *Id.*; *see also, e.g., Canez v. King Van & Storage, Inc.*, (Cal. App. 2010) (discussing federal and state court decisions discussing "fail-safe" classes); *see also Ford Motor Co. v. Sheldon*, 22 S.W.3d 444, 452-54 (Tex. 2000) (discussing impermissible fail-safe classes and explaining that Texas law on class actions tracks federal Rule 23 and draws on federal precedent).

In *Sheldon*, the trial court certified the named plaintiffs proposed definition for a class to include all purchasers of certain Ford vehicles that were painted with certain paint "and who suffered past and/or future damage as a result of peeling or flaking paint on these vehicles caused by a defective paint process (i.e., high build electrocoat or medium build electrocoat and no spray primer) . . . ." *Id.* at 448. The *Sheldon* court agreed with the intermediate appellate court and explained that this proposed definition was an impermissible "fail-safe" class. As the court explained: "Including the defect theory as an element of the class definition

10

1    impermissibly requires a determination of the merits before the court can ensure

2    the existence of a class." *Id.* at 454.

3    The *Sheldon* court further explained the myriad problems, in addition to

4    unascertainability, that a "fail-safe" class creates. "[B]asing the class definition on

5    a determination of the merits creates a fail-safe class because if the defendants

6    prevail at trial and Purchasers are unable to prove their theory, then there was

7    never a class to begin with and certification was inappropriate.  Therefore, the

8    proposed members of the unsuccessful class would not be bound by the

9    judgment." *Id.*

10   Here, Plaintiffs' proposed class (and subclass) definition includes "[a]ll

11   persons . . . who purchased or leased a Class Vehicle with the Window Regulator

12   Defect." (Compl. ¶¶ 55-56.)  This proposed definition is the very model of an

13   impermissible "fail-safe" class—Plaintiffs seek to define the proposed class by

14   relying on their unproven defect theory.  As cautioned in *Sheldon*, the Court here

15   would be unable to determine who was properly included in the class—or even if

16   there were a class at all—until a trial on the merits.  Such a "fail-safe" class is

17   unascertainable, improper, and uncertifiable as a matter of law.  *Brazil*, 585 F.

18   Supp. 2d at 1167.  Therefore, the Court should strike the class allegations. *See id.*

19   II.   The Court should strike Plaintiffs' improper and prejudicial "notice"
20         allegations.

21   Federal Rule of Civil Procedure 12(f) permits a party to strike "any

22   redundant, immaterial, impertinent or scandalous matter" from the pleadings.

23   *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also*

24   *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1992), *rev'd on other*

25   *grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535, 114 S.Ct. 1023 (1994).

26   In addition to the class allegations discussed above, Honda also moves to strike

27   Plaintiffs' purported "notice" allegations as summarized in Paragraph 44 of the

28   Complaint, specifically the allegations about purported unidentified "online"

11

1    complaints about the alleged "Window Regulator Defect," and unverified
2    anonymous hearsay about "Honda service center employees" supposedly telling
3    customers that "Window Regulator failure was a well-known and pervasive
4    problem affecting the Class Vehicles" and purporting to quote those unidentified
5    employees as saying that "all of them have this [Window Regulator Defect]
6    problem." (Compl. ¶ 44.)

7         *First*, the allegations concerning purported online complaints are nothing
8    more than vague, unverified, unidentified hearsay. Moreover, Plaintiffs provide no
9    facts at all to support that Honda either knew or should have known of the alleged
10   complaints. Indeed, other courts have granted motions to strike similar conclusory
11   and improper allegations of alleged online complaints. *See, e.g., Wiseberg v.*
12   *Toyota Motor Corp.*, No. 2:11-cv-03776-JLL-MAH, 2012 WL 1108542 (D.N.J.
13   Mar. 30, 2012) (opinion on order granting motion to strike).

14        In *Wiseberg*, the plaintiffs included in their complaint a paragraph listing
15   "anonymous consumer complaints obtained from an independent website,
16   www.edmunds.com . . . ." *Id.* at 23. Toyota argued that the alleged complaints
17   were "unverified anonymous hearsay, irrelevant to Plaintiffs' claims, and
18   prejudicial." The court agreed. While noting that consumer complaints reported
19   directly to the defendant may be material, and anonymous Internet complaints can
20   be relevant to the issue of knowledge, the court nonetheless noted that "it must be
21   shown that [the defendant] was aware of the complaints." *Id.* (citing cases). The
22   *Wiseberg* court noted that the plaintiffs there failed to provide any facts to show
23   that Toyota was aware of the alleged complaints. Thus, it struck the allegations
24   concerning the alleged online complaints.

25        The same result applies here. Plaintiffs have provided no facts to support
26   that Honda was aware of these alleged anonymous complaints. In fact, Plaintiffs
27   here provide even less than in *Wiseberg*, given that they fail to provide the actual
28   complaints or to identify where they were allegedly posted. Thus, for the same

12

1   reasons as in *Wiseberg*, the Court should strike Plaintiffs' allegations in Paragraph

2   44 concerning alleged "online complaints."

3       *Second*, the allegations regarding the purported comment by Honda service

4   center employees are equally infirm.   In addition to failing to disclose who

5   purportedly made these alleged comment and to whom, the alleged comment itself

6   is hopelessly vague and fails to provide any plausible basis for alleged knowledge

7   on the part of Honda.   Moreover, it is highly prejudicial, given Plaintiffs' self-

8   serving manipulation of the alleged quote.  (Compl. ¶ 44 (alleging the employee(s)

9   said "all of them have this [Window Regulator Defect] problem").)   Thus, the

10  alleged employee quote is likewise anonymous, prejudicial unverified hearsay that

11  the Court should properly strike.

### Conclusion

12

13      For the foregoing reasons, Defendant American Honda Motor Co., Inc. asks

14  the Court to grant its motion and to strike Plaintiffs' class allegations and "notice"

15  allegations (Compl. ¶ 44), as outlined above.

16

17  DATED:  April 12, 2012            BOWMAN AND BROOKE LLP

18

19                          By:   /s/ Marion V. Mauch

20                              Paul G. Cereghini

                            Marion V. Mauch

21                              Attorneys for Defendant

22                              AMERICAN HONDA MOTOR CO.,

23                              INC.

24

25

26

27

28

13

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, CA 90248-4227.

I hereby certify that on **April 12, 2012**, I served the document: **NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS AND CERTAIN OTHER PORTIONS OF PLAINTIFFS' COMPLAINT UNDER FED. R. CIV. P. 12 & 23** on all interested parties in this action by placing **a true copy** thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED SERVICE LIST

( )   **BY MAIL (F.R.C.P. Rule 5(b)(2))**

( )   **BY OVERNIGHT DELIVERY (F.R.C.P. Rule 5(b)(2))**

( )   As follows: I am "readily familiar" with the firm's practice of collection and processing documents for mailing. Under the practice, the envelope would be put in a sealed envelope and deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage date is more than **1** day after date of deposit for mailing in affidavit.

(X)   **BY CM/ECF:** I hereby certify that I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the parties as shown on the attached Service List.

( )   **BY PERSONAL SERVICE (F.R.C.P. 5(2)):** I delivered such envelope by hand to the addressee.

Executed on **April 12, 2012**, at Gardena, California.

(X)   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Regina Foley

14

1736179-EA

CV 12-1142 SVW (PLAx)

# SERVICE/MAILING LIST

## Phyllis Grodzitsky v. American Honda Motor Co., Inc.

United States District Court–Central District of California – Western Division
Case No: CV12-1142-RSWL (PLAx)

| | |
|---|---|
| Jonathan D. Selbin, Esq.<br>Kristen E. Law-Sagafi, Esq.<br>LIEFF CABRASER HEIMANN & BERNSTEIN<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br><br>jselbin@lchb.com<br>ksagafi@lchb.com | **Attorneys for PLAINTIFFS**<br><br>Tel:      (415) 956.1000<br>Fax:     (415) 956.1008 |
| Mark P. Chalos, Esq.<br>LIEFF CABRASER HEIMANN & BERNSTEIN<br>One Nashville Place<br>1560 Fourth Avenue, Suite 1620<br>Nasville, TN 37219-2412<br><br>mchalos@lchb.com | **Attorneys for PLAINTIFFS**<br><br>Tel:      (615) 313.9000<br>Fax:     (615) 313.9965 |
| Annika K. Martin. Esq.<br>LIEFF CABRASER HEIMANN & BERNSTEIN<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br><br>akmartin@lchb.com | **Attorneys for PLAINTIFFS**<br><br>Tel:      (212) 355.9500<br>Fax:     (212) 355.9592 |

1638146-WE