# Exhibit 8

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
ONE NASHVILLE PLACE
150 FOURTH AVENUE NORTH, SUITE 1650
NASHVILLE, TN  37219-2423
T  615.313.9000
F  615.313.9965

November 10, 2011

Mark P. Chalos
Partner
mchalos@lchb.com

**VIA CERTIFIED U.S. MAIL (RETURN RECEIPT REQUESTED)**

Tetsuo Iwamura
President and CEO
American Honda Motor Co., Inc.
1919 Torrance Boulevard
Torrance, CA 90501-2746

Catherine M. McEveily
Vice President & General Counsel, Legal
American Honda Motor Co., Inc.
1919 Torrance Boulevard
Torrance, CA 90501-2746

CT Corporation System
818 W. Seventh St
Los Angeles, CA 90017

*Registered Agent for Service of Process on American Honda Motor Co., Inc.*

Re:     Honda Vehicles Defective Window Regulators

To American Honda Motor Co., Inc.:

We are writing on behalf of Phyllis Grodzitsky, a California resident, who owns a 2002 Honda Odyssey LX (VIN No. 2HKRL18552H568271), and Angela Dawson, a Georgia resident, who owns a 2003 Honda Accord EX (VIN No. JHMCM56673C011010), and others similarly situated (the "Class") to notify you that they have experienced a safety-related failure in their vehicles' occupant protection system, namely, the failure of their window regulators. The regulator failure causes the vehicles' side windows to become inoperable and, frequently, the windows become stuck in the down position. Preliminary engineering analysis has confirmed that the window regulator design for certain Honda-manufactured vehicles includes a weak plastic bracket that breaks, causing the window regulator to fail. The apparently-defective window regulator parts are evidently used in a variety of Honda- and Acura-branded vehicles, including but not limited to Honda Pilots, Honda Elements, Honda Accords, and Acura MDXs ("Subject Vehicles").

Upon information and belief, this defect was well-known to Honda. Accordingly, it appears that Honda knowingly manufactured and sold certain models of Honda-manufactured vehicles with defectively designed window regulators. Ms. Grodzitsky and Ms. Dawson further allege that Honda knew that replacing the failed window regulators with the same defectively designed part would result in multiple failures on the same vehicle. As a result of the failure of their Honda vehicles' defectively designed window regulators, Ms. Grodzitsky paid $409 out of pocket for the repairs; Ms. Dawson paid $800 for the repairs to her vehicle.

November 10, 2011
Page 2

Honda's conduct apparently constitutes violations of applicable express and implied warranties, as well as California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., which prohibits acts of "unfair competition"; Cal. Bus. & Prof. Code §§ 17500, et seq., which prohibits false advertising; and the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; and other similar state consumer protection statutes, in at least the following ways:

1. Representing through advertising, warranties, and other express representations, that the Subject Vehicles had uses or characteristics that they did not actually have;

2. Falsely representing that the Subject Vehicles are of a particular standard, quality or grade when they are of another;

3. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve;

4. Improperly disclaiming or limiting the implied warranty of merchantability and fitness for use;

5. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction;

6. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;

7. Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner;

8. Advertising the subject vehicles with the intent not to sell them as advertised; and

9. Other unfair or deceptive conduct or practices in trade or commerce.

Ms. Grodzitsky, Ms. Dawson, and the Class have all suffered actual damages as a result of the conduct, including but not limited to, the cost of repairs to the window regulators and windows.

Ms. Grodzitsky, Ms. Dawson, and the Class hereby request that within thirty (30) days of receiving this letter, Honda agree to correct, repair, replace, or otherwise rectify the defective window regulators, as well as agrees to reimburse Ms. Grodzitsky, Ms. Dawson, and all Class members for any associated out-of-pocket expenses. Unless these actions, as requested above, occur within the thirty-day timeframe, we intend to file a class action for damages and

November 10, 2011
Page 3

attorneys' fees in addition to equitable, injunctive, and other relief available under applicable law.

This letter is intended as notice to your company of the problem we have identified. It is also intended to provide the company with an opportunity to engage in pre-filing discussions regarding these issues and a potential resolution of them. If you are not willing to engage in such discussions, which is obviously your prerogative, and we will simply file our case. If the company is interested in engaging in such pre-filing discussions, we are willing to do so. Although we believe this safety-related problem is well-known to your company, we are prepared, along with our engineering consultants, to meet with you and your technical folks to exchange and discuss such information. Our hope is we can persuade you that there is a problem that needs to be resolved. It is also possible, of course, that you will persuade us we are off the mark and should not file a case at all. Either way, based on our experience with such meetings in other cases, we believe both sides would benefit from the process.

Please contact me if you have any questions regarding this notice or the issues raised herein.

Thank you.

Sincerely,

*Mark Chalos*

Mark P. Chalos

MPC/akm

cc: Phyllis Grodzitsky
    Stephen B. Morris
    Angela Dawson
    Jonathan D. Selbin

943128.1