# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY, et al., | CASE NO.: CV 12-1142 SVW (PLAx) |
| Plaintiffs, | Assigned to: Hon. Stephen V. Wilson |
| vs. | |
| AMERICAN HONDA MOTOR CO., INC., | [~~PROPOSED~~] CONFIDENTIALITY ORDER |
| Defendant. | |

Pursuant to stipulation among the parties,

IT IS HEREBY ORDERED that all "Confidential Documents" and corresponding information produced by American Honda Motor Co., Inc. ("AHM") in response to any of Plaintiffs' requests for production of documents, interrogatories, deposition testimony, or other requests for discovery in *Phyllis Grodzitsky, et al, v. American Honda Motor Co., Inc.*, Case No. CV 12-1142 SVW, are subject to the terms of this Confidentiality Order as set forth below:

## I. DEFINITIONS

1. "CONFIDENTIAL DOCUMENTS." This term is intended to refer to the documents that are deemed "Confidential" under the provisions of paragraph II(1)-(2) of this Order. "Confidential Documents" includes of the contents of the original and all copies or other reproductions of the Documents subject to this Order.

2. "DOCUMENT(S)." This term is intended as a collective reference to any and all material or other tangible things containing information produced by AHM in the above-styled cause, including written responses to discovery and deposition exhibits  Without limitation, the term "Document(s)" further includes any medium by which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers.  The word Document(s) includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer generated material, computer disks, and any other form or type of computer stored or computer retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

3. "COMPETITOR(S)."  This term means any person or legal entity other than AHM engaged in the design, manufacture, sale, or distribution of automobiles or the design or manufacture of automobile components.  The term "competitor" includes any person that Plaintiffs' Counsel knows is employed by or expects to be employed by any competitor of AHM.

4. "LEGAL ENTITY." The phrase refers to any and every kind or type of business whether for profit or nonprofit.  This phrase includes, without restriction, person(s) "doing business as" some name by which the business is known by the public.  It also includes partnerships (whether general or special or

limited), firms, proprietorships, any type of company or group, incorporated and/or unincorporated associations, public or private corporations, political corporations or subdivisions, and any other type of business or organization that has legal standing in the eyes of the law.  The phrase includes any department, division, office, agency, affiliate, parent, or subsidiary of the subject legal entity.  The phrase includes any successor or predecessor legal entity to the subject legal entity.  The phrase includes any officer, agent, servant, or employee of the subject legal entity.

5. "PLAINTIFFS' COUNSEL."  This phrase refers to the attorneys of record for the Plaintiffs in the above-styled action.  In the event that the attorneys of record are members of a firm, this phrase includes any and all other lawyers who are members of or associated with Plaintiffs' Counsel's firm.

## II. PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL DOCUMENTS

1. Documents that AHM, in good faith, believes to contain information subject to protection under Federal Rule of Civil Procedure 26(c) may be designated as "Confidential."  Documents designated as "Confidential" specifically include trade secrets as defined by California Civil Code Section 3426.1.  This includes, but is not limited to, AHM's Quality Improvement Sheets, warranty claims such as standard non-discretionary warranty claims, good will claims, certified used car claims, and vehicle service-contract claims.  AHM represents that all documents, testimony, and/or other items designated as "Confidential" pursuant to this Stipulation for Confidentiality Order contain trade secret, proprietary and/or confidential information.  AHM will mark or otherwise identify documents designated as "Confidential" prior to producing such documents to Plaintiffs.

2. In the event Plaintiffs' Counsel opposes any confidentiality designation, Plaintiffs' Counsel may, after reasonable consultation with counsel for AHM, seek intervention of the Court to determine whether such documents are

5398009v3

entitled to protection. In connection with said consultation, both parties must make a good faith effort to resolve any dispute before seeking the intervention of the Court as required pursuant to Local Rule 37. If the parties are subsequently unable to agree upon the terms and conditions of disclosure for the Document(s) in issue, Plaintiffs may move the Court for an order withdrawing the disputed designation(s). Plaintiffs and AHM will submit a Joint Stipulation and any supplemental memoranda as required by Local Rule 37. On such a motion, AHM will have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential under applicable law. If the parties want to file any Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. As to any document that is contested which the Court deems not to be "Confidential," such documents will be deemed outside the scope of this Confidentiality Stipulation and Order.

      Plaintiffs do not waive their right to challenge a Confidential designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as Plaintiffs deems appropriate.

## III. ORDERS REGARDING CONFIDENTIAL DOCUMENTS

      With regard to those documents that are accorded "Confidential" status as set forth in paragraph II(1-2) above, the foregoing Order will be in effect:

      1. (a) Plaintiffs' Counsel and experts retained or consulted by Plaintiffs' Counsel to assist them in this litigation may use all Confidential Documents in the ordinary course of their investigation, evaluation, or preparation and prosecution of this litigation only, subject to the restrictions set forth in this Confidentiality Stipulation and Order. This paragraph is intended to permit full use of "Confidential" Documents by and between only the named Plaintiffs in the

above-styled action, Plaintiffs' Counsel, members of Plaintiffs' Counsel's legal or support staff (e.g., investigators, secretaries, legal assistants, paralegal, law clerks), and expert witnesses consulted or experts later identified as testifying experts in this litigation only.

(b)   Plaintiffs' Counsel may use Confidential Documents, or copies of the same, only as necessary for the prosecution of this lawsuit. Before Confidential Documents or information are disclosed to anyone identified in paragraph III(1)(a), the intended recipient must be first presented with a copy of this Order, and after reading it and agreeing to be bound by its terms, sign the form attached as Exhibit "A" which is an "Acknowledgment of Confidentiality Stipulation and Order and Non-disclosure Agreement" ("Agreement").  All Agreements signed by everyone, except experts (retained and non-retained), shall be provided to counsel for AHM immediately.  Agreements signed by testifying experts shall be provided to counsel for Honda when experts are disclosed. Agreements signed by non-testifying expert consultants, whether or not they are retained by Plaintiffs' counsel, must be kept on file by Plaintiffs' Counsel. Confidential Documents must not be disclosed to any person or in any manner not specified in this Order.

2.   To the extent that Confidential Documents have been, or may in the future be used in the taking of depositions, they will remain subject to the provisions of this Confidentiality Order. To designate as Confidential any deposition testimony dealing with the substance of Confidential Documents, AHM must designate any portion of the testimony as "CONFIDENTIAL" either on the record before the deposition is concluded or in writing within 15 days after the final transcript is received, provided that AHM will have 10 days from the submission date of any transcript corrections made pursuant to Fed. R. Civ. P. 30(e) to designate any portion of those corrections as "CONFIDENTIAL."  Only those portions of the testimony that are designated for protection in accordance

with the preceding sentence will be covered by the provisions of this Order. The entire testimony will be deemed to have been designated "CONFIDENTIAL" until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony will not be deemed "CONFIDENTIAL" except as otherwise ordered by the Court.

      3.    Plaintiffs' Counsel and all other parties who have received Confidential Documents will act to preserve the confidentiality of designated Documents. If Confidential Documents are filed with or presented to any Court, such documents shall be accompanied by an application to file the documents – or the confidential portion – thereof – under seal; the application must show good cause for the under-seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the documents or portions thereof subject to the sealing application shall be lodged under seal. Nothing herein may be construed to limit the right of Plaintiffs' Counsel to oppose any confidentiality designations, pursuant to Paragraph II(2) above.

      4.    It will be the responsibility of AHM's counsel to alert the court reporter to the confidential nature of Documents designated in accordance with this Agreed Confidentiality Stipulation and Order and to require that such Documents (and pages) attached to deposition transcripts as exhibits be separated from the transcripts and filed separately under seal assuming the Court allows the under-seal filing.

      5.    Unless AHM provides a written denial of authenticity, accuracy, or business record status, Confidential Documents authored or produced by AHM will be deemed authentic, true, and correct copies and may be used at the time of trial, subject to their admissibility (this does not apply to voluntarily provided translations of Documents). Any such denial must be mailed to Plaintiffs' Counsel within thirty (30) days of trial, must identify each Document that is objectionable

1  and the specific reason(s) for the denial related to each Document.  AHM's failure
2  to object to the accuracy, authenticity, or business record status of a Confidential
3  Document produced under this provision will not be deemed an acknowledgment
4  that the Documents are admissible during trial.  Nothing herein will be construed
5  as a waiver by AHM of its rights under the Federal or any applicable state Rules of
6  Evidence.

7        6.     In the event that any recipient of Confidential Documents (a) is served
8  with a subpoena or other legal process in another action, or (b) is served with a
9  request or a demand in another action to which he or she is a party, or (c) is served
10 with a request or a demand or any other legal process by one not a party to this
11 case concerning Confidential Documents subject to this Order, that person (the
12 recipient of Confidential Documents) must give prompt written facsimile and mail
13 notice of such event to Paul G. Cereghini, Rob Wise, and Ryan Nilsen, Fax:
14 310.719.1019, 970 W. 190th Street, Suite 700, Torrance, CA 90502, and A. Grace
15 Kaiser, Fax: (310)781-4970, Honda North America, Inc., 700 Van Ness Avenue,
16 Torrance CA 90501, and will object on the basis of this Order to producing or
17 responding to any such request, demand, or subpoena.  Within ten (10) days from
18 the giving of such written notice, AHM will advise the person who is to respond to
19 the subpoena or request or demand of its position.  Thereafter, AHM will assume
20 responsibility for preserving and prosecuting any objection to the request or
21 demand or subpoena.  The person served will be obligated to cooperate to the
22 extent necessary to enforce the terms of this Order.

23       7.     (a)     Upon the termination of this case, by judgment, settlement,
24 completion of appeal, or otherwise, all Confidential Documents subject to this
25 Order, including all copies and other reproductions of such Documents in the
26 possession of Plaintiffs' Counsel's experts or other recipients of Confidential
27 Documents must be returned to Plaintiffs' Counsel within thirty (30) days.  All
28 recipients must return the Confidential Documents along with a signed

5398009v3

"Confirmation of Return of Designated Documents" ("Confirmation"), a copy of which is attached as Exhibit "B". The Confirmation will be signed under penalty of perjury by the recipient. The Confirmations signed by non-testifying expert consultants will be kept on file by Plaintiffs' Counsel. Confirmations signed by testifying experts will be provided to Honda immediately upon the termination of the case.

(b) Within thirty (30) days of receiving Confidential Documents under paragraph III(7)(a) above, Plaintiffs' Counsel must return to AHM's counsel all Confidential Documents subject to this Order including all copies, prints, summaries, and other reproductions or derivations of such Documents. Once Plaintiffs' Counsel has collected and returned all such Documents to AHM's counsel, Plaintiffs' Counsel will certify to AHM's Counsel that all such Documents have been collected and returned to AHM's Counsel in accordance with this Order. However, any Confidential Documents designated in accordance with this Order that becomes part of a record on appeal will be returned pursuant to this paragraph only after all appeals have been exhausted.

(c) It will be the responsibility of Plaintiffs' Counsel to preserve the confidentiality of designated Documents. Plaintiffs' Counsel will undertake all reasonable steps necessary to preserve the confidentiality of designated Documents, including but not limited to: (1) monitoring the release of designated Documents and (2) obtaining and retaining the completed and signed forms attached as Exhibits A and B and (3) providing the forms attached as Exhibits A and B signed by testifying experts to counsel for American Honda Motor Co., Inc., in accordance with the provisions of this Order.

## IV. GENERAL PROVISIONS

1. Except as stated in paragraph 2 of this section, after termination of this case, the provisions of this Order will continue to be binding, except with respect to those Documents to which the Court determines the public or others have a right

of access.

2. Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this stipulation will become public unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

3. This Order does not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

4. This Order is binding upon the parties in the above-styled actions, the attorneys for each party, any recipient of Confidential Documents, and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of Confidential Documents may have control.

## V.   GOOD CAUSE STATEMENT

1. AHM anticipates that plaintiffs will seek discovery of documents and information from AHM, including, but not limited to, AHM's Quality Improvement Sheets, warranty claims including standard non-discretionary warranty claims, good will claims, certified used car claims, and vehicle service-contract claims which contain trade secrets and confidential and proprietary information. Disclosure of such Confidential Documents will result in serious harm to AHM. Requiring AHM to file numerous motions for confidentiality with respect to each particular Confidential Document or category of Confidential Documents would result in a waste of judicial resources, extreme delay in this litigation, and severe undue burden to AHM. The parties therefore agree to enter into this Stipulation for Confidentiality Order for the purpose of facilitating and expediting the discovery process and to prevent the court from having to conduct separate hearings on the information sought to be protected. In order to protect its

5398009v3

1 proprietary interests and trade secret information, AHM wishes to ensure that any
2 such Confidential Documents shall not be used for any purpose other than this
3 action and shall not be made public or disseminated by any party or their counsel,
4 except as set forth in this Stipulation for Confidentiality Order.  AHM represents
5 that all documents, testimony, and/or other items designated as "Confidential"
6 pursuant to this Stipulation for Confidentiality Order contain trade secret,
7 proprietary and/or confidential information.

9 **IT IS SO ORDERED.**

11 DATED: September 23, 2013          By: _____
12                                         Hon. Paul L. Abrams
                                           United States Magistrate Judge

5398009v3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | CASE NO.: CV 12-1142 SVW (PLAx)<br><br>Assigned to: Hon. Stephen V. Wilson<br><br>**ACKNOWLEDGMENT OF CONFIDENTIAL STIPULATION AND ORDER AND NONDISCLOSURE AGREEMENT** |

**EXHIBIT "A" TO CONFIDENTIALITY STIPULATION AND ORDER**

I hereby acknowledge that I have read the Confidentiality Stipulation and Order in the above-captioned matter and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the United States District Court for the Central District of California - Western Division for enforcement of said Order.

_____       _____
Date                                                                Signature of Person to be Bound

_____
Printed Name of Person to be Bound

_____
Address and Phone Number

| 1 | STATE OF _____ ) |
|---|---|
| 2 | ) |
| 3 | COUNTY OF _____ |

On this _____day of _____, 201\_\_\_, before me, a notary public of the State of _____, personally appeared _____ personally known to me, or proved to me on the basis of satisfactory evidence, to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the day and year in this certificate first above written.

(SEAL)

Notary Public for the State
Residing at:_____
My Commission expires:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY, et al., | CASE NO.: CV 12-1142 SVW (PLAx) |
| Plaintiffs, | Assigned to: Hon. Stephen V. Wilson |
| vs. | |
| AMERICAN HONDA MOTOR CO., INC., | **CONFIRMATION OF RETURN OF DESIGNATED DOCUMENTS AND INFORMATION** |
| Defendant. | |

**EXHIBIT "B" TO CONFIDENTIALITY STIPULATION AND ORDER**

I, _____, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. My full name and business address are:

2. I agreed to be bound by the terms and conditions of the Confidentiality Stipulation and Order entered into in the above-captioned action. I acknowledged my consent to be so bound by executing an Acknowledgment of Confidentiality Stipulation and Order and Nondisclosure Agreement.

3. Pursuant to paragraph III.8 of the Confidentiality Stipulation and Order identified above, I acknowledge that I am obligated to return any and all Documents designated as "Confidential" along with any and all copies, prints, summaries, derivations and other reproductions of such Documents immediately upon termination of the above-captioned lawsuit.

4. I further acknowledge that I received for the sole purpose of assisting the preparation for trial of and/or testimony in the above-captioned lawsuit, Documents designated as "Confidential." Immediately upon being notified by the person from whom I received said Documents, I returned any and all such Documents along with all copies, prints, summaries, derivations, and other reproductions of such Documents to the person or entity who provided it to me.

EXECUTED this _____ day of _____, 201____.

_____
Signature of Declarant

ACKNOWLEDGMENT OF PLAINTIFFS' COUNSEL

I am an attorney licensed to practice in the State of_____ and admitted by the Courts of the United States of America. I hereby acknowledge receipt, from the declarant identified above, of all Confidential Documents provided to said declarant by me or my office. Further, I hereby acknowledge that all Documents received from the declarant have been delivered to counsel for American Honda Motor Co., Inc. within thirty (30) days of my receipt of said Documents in compliance with paragraph III.8 of the Confidentiality Stipulation and Order.

_____
Signature of Plaintiffs' Counsel

5398009v3

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that, on September 20, 2013, I filed the foregoing |
| 3 | document entitled **[PROPOSED] CONFIDENTIALITY ORDER** with the clerk |
| 4 | of court using the CM/ECF system, which will send a notice of electronic filing to |
| 5 | all counsel of record in this action. |
| 6 | |
| 7 | |
| 8 |    /s/ Marion V. Mauch |
| 9 |    Marion V. Mauch |

5398009v3