NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY, et al.,<br><br>     Plaintiffs,<br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>     Defendant. | CASE NO.: CV 12-1142 SVW (PLAx)<br><br>Assigned to: Hon. Stephen V. Wilson<br><br><br>**CONFIDENTIALITY ORDER AS TO TSK/HI-LEX/NIHON** |

Pursuant to stipulation among the parties,

IT IS HEREBY ORDERED that all "Confidential Documents" and corresponding information produced by TSK/Hi-Lex/Nihon in response to any of the Plaintiffs' requests for production of documents, interrogatories, deposition testimony, or other requests for discovery made to TSK/Hi-Lex/Nihon related to this action, *Phyllis Grodzitsky, et al, v. American Honda Motor Co., Inc.*, Case No. CV 12-1142 SVW, are subject to the terms of this Stipulation for Confidentiality Order as set forth below:

1

## I. DEFINITIONS

1. "CONFIDENTIAL DOCUMENTS." This term is intended to refer to the documents that are deemed "Confidential" under the provisions of paragraph II(1)-(2) of this Order. "Confidential Documents" includes the contents of the original and all copies or other reproductions of the Documents subject to this Order.

2. "DOCUMENT(S)." This term is intended as a collective reference to any and all material or other tangible things containing information produced by TSK/Hi-Lex/Nihon in response to Plaintiffs' requests made to TSK/Hi-Lex/Nihon. Without limitation, the term "Document(s)" further includes any medium in which information is recorded, stored, communicated, or utilized, including papers (of any kind, type, or character) and any method or medium by which information may be communicated, recorded, or retrieved by people or by computers. The term "Document(s)" includes, without limitation, photographs, x-rays, motion pictures, audio tapes, videotape recordings, computer-generated material, computer disks, and any other form or type of computer stored or computer-retrievable data, microfilm and microfiche, or any other process by which information is reduced for storage, and duplicates and reproductions of the same by any method.

3. "PLAINTIFFS' COUNSEL." This term refers to the attorneys of record for the Plaintiffs in the above-styled action. In the event that the attorneys of record are members of a firm, this term includes any and all other lawyers who are members of or associated with Plaintiffs' Counsel's firm.

4. "DEFENDANT'S COUNSEL." This term refers to the attorneys of record for the Defendant in the above-styled action. In the event that the attorneys of record are members of a firm, this term

includes any and all other lawyers who are members of or associated with Defendant's Counsel's firm.

## II. PROCEDURE FOR DETERMINING STATUS OF CONFIDENTIAL DOCUMENTS

1. Documents that TSK/Hi-Lex/Nihon, in good faith, believes to contain information subject to protection under Federal Rule of Civil Procedure 26(c) may be designated as "Confidential." Documents designated as "Confidential" specifically include trade secrets as defined by California Civil Code Section 3426.1. This includes, for example, technical drawings and testing documents for the Class Vehicle Window Regulators manufactured by TSK/Hi-Lex/Nihon. TSK/Hi-Lex/Nihon represents that all documents, testimony, and/or other items designated as "Confidential" pursuant to this Stipulation for Confidentiality Order contain trade secret, proprietary, and/or confidential information. TSK/Hi-Lex/Nihon will mark or otherwise identify documents designated as "Confidential" prior to producing such documents to Plaintiffs.

2. In the event that any party opposes any confidentiality designation, that party may, after reasonable consultation with counsel for TSK/Hi-Lex/Nihon, seek intervention of the Court to determine whether such documents are entitled to protection. In connection with said consultation, both the party that opposes the confidentiality designation and TSK/Hi-Lex/Nihon must make a good faith effort to resolve any dispute before seeking the intervention of the Court as required by Local Rule 37. If they are subsequently unable to agree upon the terms and conditions of disclosure for the Document(s) in issue, the party opposing the confidentiality designation may move the Court for an order withdrawing the disputed designation(s). The moving

1207033.1

party and TSK/Hi-Lex/Nihon will submit a Joint Stipulation and any supplemental memoranda as required by Local Rule 37. On such a motion, TSK/Hi-Lex/Nihon will have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection as Confidential under applicable law. If the moving party and TSK/Hi-Lex/Nihon want to file any Joint Stipulation required by Local Rule 37 under seal, they may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The moving party and TSK/Hi-Lex/Nihon must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. As to any document that is contested which the Court deems not to be "Confidential," such documents will be deemed outside the scope of this Confidentiality Stipulation and Order.

The parties do not waive their right to challenge a confidentiality designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the parties deem appropriate, **within the time limits for discovery set by the District Judge**.

### III. ORDERS REGARDING CONFIDENTIAL DOCUMENTS

With regard to those documents that are accorded "Confidential" status as set forth in paragraph II(1-2) above, the foregoing Order will be in effect:

1. (a) Plaintiffs' Counsel, Defendant's Counsel, and experts retained or consulted by them to assist them in this litigation may use all Confidential Documents in the ordinary course of their investigation, evaluation, or preparation and prosecution of this litigation only, subject to the restrictions set forth in this Confidentiality Stipulation

1207033.1

1  and Order. This paragraph is intended to permit full use of
2  "Confidential" Documents by and between only the named Plaintiffs
3  and Defendant in the above-styled action, Plaintiffs' Counsel and
4  members of Plaintiffs' Counsel's legal or support staff (e.g.,
5  investigators, secretaries, legal assistants, paralegal, law clerks),
6  Defendant's Counsel and members of Defendant's Counsel's legal or
7  support staff, and expert witnesses consulted or experts later identified
8  as testifying experts in this litigation only.
9        (b)    Plaintiffs' Counsel and Defendant's Counsel may use
10 Confidential Documents, or copies of the same, only as necessary for the
11 prosecution of this lawsuit. Before Confidential Documents or
12 information are disclosed to anyone identified in paragraph III(1)(a),
13 the intended recipient must be first presented with a copy of this Order,
14 and after reading it and agreeing to be bound by its terms, sign the
15 form attached as Exhibit "A" which is an "Acknowledgment of
16 Confidentiality Stipulation and Order and Non-disclosure Agreement"
17 ("Agreement"). All such Agreements signed by everyone shall be kept on
18 file by Plaintiffs' Counsel or Defendant's Counsel. Confidential
19 Documents must not be disclosed to any person or in any manner not
20 specified in this Order.
21       2.    To the extent that Confidential Documents have been, or
22 may in the future be used in the taking of depositions, they will remain
23 subject to the provisions of this Confidentiality Order. To designate as
24 Confidential any deposition testimony dealing with the substance of
25 Confidential Documents, TSK/Hi-Lex/Nihon must designate any portion
26 of the testimony as "CONFIDENTIAL" either on the record before the
27 deposition is concluded or in writing within 15 days after the final
28 transcript is received, provided that TSK/Hi-Lex/Nihon will have 10

1207033.1

1 days from the submission date of any transcript corrections made
2 pursuant to Fed. R. Civ. P. 30(e) to designate any portion of those
3 corrections as "CONFIDENTIAL." Only those portions of the testimony
4 that are designated for protection in accordance with the preceding
5 sentence will be covered by the provisions of this Order. The entire
6 testimony will be deemed to have been designated "CONFIDENTIAL"
7 until the time within which the transcript may be designated has
8 elapsed. If testimony is not designated within the prescribed time
9 period, then such testimony will not be deemed "CONFIDENTIAL"
10 except as otherwise ordered by the Court.

11     3.    Should Confidential Documents be used in a deposition in
12 this matter, it will be the responsibility of Plaintiffs' and Defendant's
13 Counsel to alert the court reporter to the confidential nature of
14 Documents designated in accordance with this Agreed Confidentiality
15 Stipulation and Order and to require that such Documents (and pages)
16 be attached to deposition transcripts as exhibits.

17     4.    Plaintiffs' Counsel, Defendant's Counsel, and all other
18 parties who have received Confidential Documents will act to preserve
19 the confidentiality of designated Documents. If Confidential Documents
20 are filed with or presented to any Court, such documents shall be
21 accompanied by an application to file the documents – or the
22 confidential portion thereof – under seal; the application must show
23 good cause for the under-seal filing. The application shall be directed to
24 the judge to whom the papers are directed. Pending the ruling on the
25 application, the documents or portions thereof subject to the sealing
26 application shall be lodged under seal. If information from a
27 Confidential Document is included in a document to be filed with or
28 presented to the Court, a redacted version of that document shall be

1207033.1

1 filed on the public docket, with the unredacted version of such
2 document lodged with the Court along with an application to file under
3 seal. Nothing herein may be construed to limit the right of Counsel to
4 oppose any confidentiality designations, pursuant to Paragraph II(2)
5 above.

6     5.    In the event that any recipient of Confidential Documents (a)
7 is served with a subpoena or other legal process in another action, or (b)
8 is served with a request or a demand in another action to which he or
9 she is a party, or (c) is served with a request or a demand or any other
10 legal process by one not a party to this case concerning Confidential
11 Documents subject to this Order, that person (the recipient of
12 Confidential Documents) must give prompt written facsimile and mail
13 notice of such event to Gary J. Mouw, Varnum LLP, 333 Bridge Street
14 NW, Grand Rapids, MI 49504, and will object on the basis of this Order
15 to producing or responding to any such request, demand, or subpoena.
16 Within ten (10) days from the giving of such written notice, TSK/Hi-
17 Lex/Nihon will advise the person who is to respond to the subpoena or
18 request or demand of its position. Thereafter, TSK/Hi-Lex/Nihon will
19 assume responsibility for preserving and prosecuting any objection to
20 the request or demand or subpoena. The person served will be obligated
21 to cooperate to the extent necessary to enforce the terms of this Order.

22     6.    (a)    Upon the termination of this case, by judgment,
23 settlement, completion of appeal, or otherwise, all Confidential
24 Documents subject to this Order, including all copies and other
25 reproductions of such Documents in the possession of Plaintiffs'
26 Counsel's experts, Defendant's Counsel's experts, or other recipients of
27 Confidential Documents must be returned to Plaintiffs' Counsel or
28 Defendant's Counsel or destroyed within thirty (30) days.

1207033.1

(b) Within thirty (30) days of receiving Confidential Documents under paragraph III(7)(a) above, Plaintiffs' Counsel and Defendant's Counsel must destroy all Confidential Documents subject to this Order including all copies, prints, summaries, and other reproductions or derivations of such Documents. Once Plaintiffs' Counsel and Defendant's Counsel have destroyed all such Documents, Counsel will certify to TSK/Hi-Lex/Nihon's Counsel that all such Documents have been destroyed in accordance with this Order. However, any Confidential Documents designated in accordance with this Order that become part of a record on appeal will be destroyed pursuant to this paragraph only after all appeals have been exhausted.

(c) It will be the responsibility of Plaintiffs' Counsel and Defendant's Counsel to preserve the confidentiality of designated Documents. Plaintiffs' Counsel and Defendant's Counsel will undertake all reasonable steps necessary to preserve the confidentiality of designated Documents, including but not limited to: (1) monitoring the release of designated Documents, and (2) obtaining and retaining the completed and signed form attached as Exhibit A, in accordance with the provisions of this Order.

## IV. GENERAL PROVISIONS

1. Except as stated in paragraph 2 of this section, after termination of this case, the provisions of this Order will continue to be binding, except with respect to those Documents to which the Court determines the public or others have a right of access.

2. Once a case proceeds to trial, all of the information that was designated as Confidential and/or kept and maintained pursuant to the terms of this stipulation will become public unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

1207033.1

//

3. This Order does not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

4. This Order is binding upon TSK/Hi-Lex/Nihon, the parties in the above-styled actions, the attorneys for each party, any recipient of Confidential Documents, and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of Confidential Documents may have control.

5. Other non-parties to this action who produce documents and information in this action in response to a subpoena may adopt the terms of this Confidentiality Stipulation and Order to apply to their produced documents and information by signing the form attached as Exhibit B, which is an "Adoption By Non-Party of Terms of Confidentiality Stipulation and Order as to TSK/Hi-Lex/Nihon," and providing a copy of the signed Exhibit B form to Counsel for Plaintiffs and Defendant.

## V. GOOD CAUSE STATEMENT

1. Plaintiffs have sought discovery of documents and information from TSK/Hi-Lex/Nihon, which contains trade secrets and confidential and proprietary information. Disclosure of such Confidential Documents will result in serious harm to TSK/Hi-Lex/Nihon. Requiring TSK/Hi-Lex/Nihon to file numerous motions for confidentiality with respect to each particular Confidential Document or category of Confidential Documents would result in a waste of judicial resources, delay in this litigation, and undue burden to TSK/Hi-

Lex/Nihon. The parties therefore agree to enter into this Stipulation for Confidentiality Order for the purpose of facilitating and expediting the discovery process and to prevent the court from having to conduct separate hearings on the information sought to be protected. In order to protect its proprietary interests and trade secret information, TSK/Hi-Lex/Nihon wishes to ensure that any such Confidential Documents shall not be used for any purpose other than this action and shall not be made public or disseminated by any party or their counsel, except as set forth in this Stipulation for Confidentiality Order. TSK/Hi-Lex/Nihon represents that all documents, testimony, and/or other items designated as "Confidential" pursuant to this Stipulation for Confidentiality Order contain trade secret, proprietary, and/or confidential information.

**IT IS SO ORDERED.**

DATED: November 25, 2014    By: _____
Hon. Paul L. Abrams
United States Magistrate Judge

1207033.1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>   Defendant. | CASE NO.:  CV 12-1142 SVW (PLAx)<br><br>Assigned to:  Hon. Stephen V. Wilson<br><br>**ACKNOWLEDGMENT OF CONFIDENTIALITY STIPULATION AND ORDER AND NONDISCLOSURE AGREEMENT AS TO TSK/HI-LEX/NIHON** |

**EXHIBIT "A" TO CONFIDENTIALITY STIPULATION AND ORDER AS TO TSK/HI-LEX/NIHON**

I hereby acknowledge that I have read the Confidentiality Stipulation and Order as to TSK/Hi-Lex/Nihon in the above-captioned matter and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the United States District Court for the Central District of California - Western Division for enforcement of said Order.

_____           _____
Date                                                          Signature of Person to be Bound

_____
Printed Name of Person to be Bound

_____
Address and Phone Number

1207033.1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| PHYLLIS GRODZITSKY, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | CASE NO.:  CV 12-1142 SVW (PLAx) <br><br> Assigned to:  Hon. Stephen V. Wilson <br><br> **ADOPTION BY NON-PARTY OF TERMS OF CONFIDENTIALITY STIPULATION AND ORDER AS TO TSK/HI-LEX/NIHON** |

**EXHIBIT "B" TO CONFIDENTIALITY STIPULATION AND ORDER AS TO TSK/HI-LEX/NIHON**

I hereby acknowledge that I have read the Confidentiality Stipulation and Order as to TSK/Hi-Lex/Nihon in the above-captioned matter and I wish to adopt the terms of that Confidentiality Stipulation and Order to apply to documents and information produced by non-party _____ in connection with the above-captioned matter. Non-party _____ also agrees to submit to the jurisdiction of the United States District Court for the Central District of California – Western Division for enforcement of said Order.

_____      _____
Date                                            Signature of Attorney for Non-Party

_____
Printed Name of Attorney for Non-Party

_____
Address and Phone Number

1207033.1